**Stanley C. MAZALESKI, Plaintiff,**

v.

**Patricia Roberts HARRIS et al., Defendants.**

Civ. A. No. 75–997.

United States District Court, District of Columbia.

Nov. 6, 1979.

M. Elizabeth Kent, Washington, D. C., for plaintiff.

Patricia J. Kenney, Asst. U. S. Atty., U.S.D.C., Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

Before the Court is Defendants' Motion for Summary Judgment in an action brought by Stanley C. Mazaleski against Patricia Roberts Harris. Plaintiff was a commissioned health officer in the United States Public Health Service of the Department of Health, Education, and Welfare. Defendant is the Secretary of the Department of Health, Education and Welfare. Plaintiff alleges (1) that commissioned health officers are denied access to all civil service protection, (2) that there is no rational basis for this denial, and (3) that this constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment, as incorporated into the Fifth Amendment. Defendants' Motion asserts that Plaintiff's claim is barred either by *res judicata* or because Plaintiff lacks standing. This Court has jurisdiction under 28 U.S.C. § 1331.

This case has a long and troubled history. Plaintiff was terminated as an officer in the Commissioned Corps of the Public Health Service on June 6, 1975. On June 5, 1975, and June 20, 1975, Plaintiff filed two suits in which he challenged the dismissal on constitutional grounds. In the first suit (*Mazaleski I*), Plaintiff alleged that Defendant terminated him because he was a "whistleblower," thus, violating his First

Amendment rights, and that the procedures employed to terminate him violated his Fifth Amendment Due Process Rights. In the second suit (the instant case) Plaintiff alleged that the termination procedures violated his Fifth Amendment Equal Protection rights.

On July 20, 1975, the trial judge dismissed *Mazaleski I* for failure to state a cause of action. On September 15, 1975, this Court held that *Mazaleski II* was barred due to *res judicata*. On April 26, 1977, the Court of Appeals remanded *Mazaleski I*.[1] On March 26, 1979, the Court of Appeals vacated this Court's finding of *res judicata*, and remanded *Mazaleski II* "for consideration of the equal protection issue and for such further consideration and proceedings as the District Court deems advisable."

## I. Res Judicata

█ It is clear that a judgment must be final before it is entitled to *res judicata* effect.[2] Thus, the trial court's decision in *Mazaleski I* can no longer provide the basis for *res judicata*.[3] The Government contends, however, that the Court of Appeals decision provides the basis for *res judicata*. Its reasoning may be succinctly summarized as follows:

(1) Plaintiff alleged in the complaint that PHS procedures violated his First, Fifth, and Sixth Amendment rights;

(2) The only issues not finally disposed of were the First Amendment claim and the agency's failure to comply claim;

(3) The Court of Appeals specifically held that PHS termination procedures do not violate the due process clause of the Fifth Amendment;[4]

(4) This finding inferentially included Plaintiff's equal protection claim; and

(5) Therefore, the equal protection claim was finally disposed of, along with Plaintiff's due process claim, in *Mazaleski I*.

█ A judgment is final regarding a specified cause of action only if that action could not become affected by further proceedings in the court where the judgment was rendered.[5] Thus, "if the original judgment has been set aside or reversed, and further proceedings are directed, such as a new trial, rules of *res judicata* are not applicable until new judgment is rendered."[6] In *Mazaleski I*, the original judgment was reversed, with the exception of the procedural due process issue. Only that issue could remain unaffected by further proceedings in the trial court; thus only judgment on that issue is entitled to *res judicata* effect. The Court of Appeals did not consider Plaintiff's equal protection claim, however. It did not preclude Plaintiff from attempting to argue that claim. Consequently, this Court cannot bar the equal protection claim on the basis of *res judicata*.

## II. Standing

█ Standing focuses on whether the proper party is before the Court. Plaintiff must demonstrate (1) a distinct and palpa-

1. *Mazaleski v. Treusdall*, 183 U.S.App.D.C. 182, 562 F.2d 701 (D.C.Cir. 1977). The Court of Appeals remanded the case to the Public Health Service for exhaustion of Plaintiff's administrative remedies, after finding that the PHS did not comply with its own regulations. That Court also reversed the trial court's order dismissing Plaintiff's First Amendment claims, indicating that if Plaintiff lost in the administrative hearing, he would be entitled to a trial on the First Amendment issue. The PHS has ruled against Plaintiff. Plaintiff has neither appealed this decision nor pursued suit on his First Amendment claim.

2. *See McRae v. U. S.*, 137 U.S.App.D.C. 80 at 82, 420 F.2d 1283 at 1285 (D.C.Cir. 1969).

3. No final judgment has been entered in *Mazaleski I*; the First Amendment issue is still ripe for adjudication.

4. 137 U.S.App.D.C. 80 at 88–94, 562 F.2d 701 at 709–715.

5. *See New York v. Cathedral Academy*, 434 U.S. 125 at 128, n. 4, 98 S.Ct. 340, 54 L.Ed.2d 346 (1977).

6. *East Bay U. of Mich., Local 1304 v. Fibreboard Paper Prod. Corp.*, 285 F.Supp. 282 (N.D. Cal.1968), at 286, aff'd, 435 F.2d 556 (9th Cir. 1970). *See also* Restatement of Judgments § 41, Comment d.

ble injury [7] and (2) a fairly traceable causal connection between the claimed injury and the challenged conduct.[8] To comport with the second prong of the standing test, Plaintiff must show that "the exercise of the Court's remedial powers would redress the claimed injuries." [9]

Plaintiff is no longer with the PHS, and does not seek reinstatement as relief for his alleged injuries. Rather, he requests a ruling that the termination procedures used by the PHS are constitutionally infirm and an Order requiring the agency to utilize procedures which are constitutionally sound. The relief Plaintiff seeks would in no way benefit him. New procedures would not be advantageous to him because he is no longer with the PHS and does not seek reinstatement. His reputation would not be enhanced by a judgment in his favor [10] because the alleged equal protection violation is in no way related to the purported injury to reputation.[11]

Accordingly, it is by the Court this 6th day of November, 1979,

ORDERED, that Defendants' Motion for Summary Judgment be and hereby is GRANTED.

---

7. *Warth v. Seldin*, 422 U.S. 490 at 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

8. *Arlington Heights v. Met. Housing Dev. Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977).

9. *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59 at 74, 98 S.Ct. 2620 at 2631, 57 L.Ed.2d 595 (1978).

10. *See Southern Mutual Help Assn., Inc. v. Califano*, 574 F.2d 518 (D.C.Cir. 1977).

11. Plaintiff's reputation could have been invidiously injured if the termination procedures violated due process or if Plaintiff was removed because he was a whistleblower. The former claim has been dispensed with by the Court of Appeals in *Mazaleski I*, and the latter claim is still actionable. There is no nexus between his injury and the alleged equal protection claim, however. Without such a nexus, the relief sought could not redress the injury allegedly suffered.