Paul Peter PASTERCZYK,
Plaintiff, Appellant,

v.

Michael V. FAIR, et al.,
Defendants, Appellees.

No. 86–1383.

United States Court of Appeals,
First Circuit.

Argued Nov. 5, 1986.

Decided May 29, 1987.

Stephen W. Silverman, Springfield, Mass., for plaintiff, appellant.

Veronica M. Madden, Dept. of Correction, with whom John W. Bishop, Jr., Sp. Asst. Atty. Gen., Boston, Mass., was on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and PIERAS,* District Judge.

TORRUELLA, Circuit Judge.

Before us is an appeal from the district court's entry of summary judgment dismissing appellant's complaint under 42 U.S.C. § 1983 on the ground of res judicata (claim preclusion). The issue is whether a state court judgment favorable to appellant bars a subsequent federal civil rights action for damages against the same defendants and based on similar facts. We find that Massachusetts courts would give a claim preclusive effect to the judgment; thus, we affirm.

*Background*

The material facts are undisputed. In December 1976, appellant was convicted in Massachusetts on felony charges, and in effect sentenced to a seven-year term of imprisonment. In November 1977, Pasterczyk escaped. He was later arrested in Arizona where he was convicted on fraud charges and sentenced to a three-year, nine-month term of imprisonment, to be served concurrently with the Massachusetts sentence. During that time, Massachusetts neglected to place a detainer on Pasterczyk, to thus have Arizona extradite appellant to serve his original seven-year sentence.[1] After serving time in Arizona, this fugitive clashed with California authorities where he was arrested for assault, convicted and sentenced. Upon completion of the California sentence in September 1982, Massachusetts lodged a detainer against Pasterczyk. Massachusetts then took custody over appellant and sent him to serve the prison term from which he had escaped. The state prison officials did not give him credit for the time he served in Arizona and California subsequent to the escape and prior to the return to Massachusetts.

In February 1983, while still in custody, appellant filed through an attorney an "action for declaratory and injunctive relief" in the Norfolk Superior Court of Massachusetts against defendants-appellees Fair, Commissioner of Correction, and Ponte, Superintendent of MCI–Walpole. Appellant alleged that the refusal to credit to his sentence the time served in the sister states violated his due process rights and Massachusetts law as enunciated in *Chalifoux v. Commissioner of Correction*, 375 Mass. 424, 377 N.E.2d 923 (1978). Although appellant sought no damages in that action, he requested "... further relief as justice may require." On March 14, 1983, the Superior Court entered judgment on the merits for appellant. The court ordered appellees "to apply credit and good conduct reductions" to the Massachusetts sentence. On that day, the Commissioner of Correction issued an order releasing appellant from further imprisonment. This order was made retroactive *nunc pro tunc* to November 30, 1982.

In 1984, Pasterczyk filed the present § 1983 action for damages against appellees Fair and Ponte, claiming that they infringed his due process rights by incarcerating him for a period extending three and one-half months beyond the sentence. As in the state court suit, the factual predicate for the claim was appellees' withholding of credits in the computation of the Massachusetts sentence.

*Claim Preclusion*

At issue is the claim preclusion aspect of res judicata, where "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). It is settled that res judicata concepts apply to section 1983 civil rights actions. *Allen*, 449 U.S. at 103–04, 101 S.Ct. at 419; *Lovely v. Laliberte*, 498 F.2d

---

* Of the District of Puerto Rico, sitting by designation.

1. A writ of detainer authorizes a warden to continue to keep a prisoner in custody.

1261 (1st Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

■ By virtue of § 1738 [2], Massachusetts law controls the preclusive effect of appellant's state court judgment on the subsequent federal action. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 80–81, 104 S.Ct. 892, 895–96, 79 L.Ed.2d 56 (1983). In *Isaac v. Schwartz,* 706 F.2d 15, 16 (1st Cir.1983), we emphasized that "Massachusetts courts apply res judicata in a perfectly traditional manner."

■ Finding no Massachusetts case on point, we turn—as we did in *Isaac*—to the Restatement (Second) of Judgments (1982). Generally, the plaintiff's claim is extinguished upon obtaining a valid and final judgment. *Id.* at § 18. The rule prohibiting claim-splitting provides that, ". . . the claim extinguished includes all rights of the plaintiff to *remedies* against the defendant with respect to all or part of the transaction or series of connected transactions, out of which the action arose." *Id.* at § 24(1) (emphasis supplied). A second action is barred even though the plaintiff raises in that action new theories of liability or damages not presented in the first suit. *Id.* at § 25.

In this case, the state court entered a valid and final judgment favorable to appellant. The facts in both state and federal cases were almost identical. The parties were the same. Appellant's legal claim in both actions grew out of the same "transaction," *e.g.,* the alleged arbitrary action by state officials in withholding computation of the sentencing credits. Appellant also sought redress in both cases for the same wrong; that is, having been incarcerated for a period beyond his sentence. *See Isaac,* 706 F.2d at 17 (citing *MacKintosh v. Chambers,* 285 Mass. 594, 190 N.E. 38

(1934)). Notwithstanding that appellant sought damages in the federal case—whereas in the state court action he chose not to—the § 1983 action is barred by res judicata, unless a recognized exception applies. *See* Restatement (Second) of Judgments at §§ 18, 24(1). *See also Isaac,* 706 F.2d at 17; *Williams v. Ward,* 556 F.2d 1143, 1154 (2d Cir.), *cert. dismissed,* 434 U.S. 944, 98 S.Ct. 469, 54 L.Ed.2d 323 (1977).

Appellant argues that he could not have raised his federal damages claim in the state court proceeding, which he construes as one for habeas corpus. This argument implicates an important exception to the general rule which prohibits claim splitting. *See* Restatement (Second) of Judgments § 26(1)(c) (1982). That section of the Restatement provides:

(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:

\* \* \* \* \* \*

(c) The plaintiff was *unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action* because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, *and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief; . . . .* (emphasis supplied).

This exception permits a second suit on the damages claim only if a jurisdictional obstacle has precluded raising that issue in the first action. Appellees maintain that the state court proceeding was not for ha-

---

**2.** 28 U.S.C. § 1738 provides in part:

\* \* \* \* \* \*

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a

certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

beas corpus, but instead was an action for declaratory and injunctive relief, Mass. Gen. L. ch. 231A, §§ 1–9 (1945), where appellant could have sought a monetary remedy. We agree.[3]

■ State habeas corpus is an extraordinary remedy for a person in custody who alleges and proves that a favorable judgment would entitle him to immediate release. *E.g., Stokes v. Super., Mass. Correctional Inst.,* 389 Mass. 883, 452 N.E.2d 1123, 1125 (1983); *Hennessy v. Superintendent, Mass. Corr. Inst.,* 386 Mass. 848, 438 N.E.2d 329, 332 (1983). Several reasons militate against our finding that the prior action was an action for habeas. First, appellant's basis for relief in the state complaint expressly rested on *Chalifoux, supra.* That case involved a *declaratory judgment* action under Massachusetts law brought by a prisoner seeking credit, as here, for time served on a California sentence. And in such a declaratory action, a plaintiff is free to claim damages. *See Essex Company v. Goldman,* 357 Mass. 427, 258 N.E.2d 526, 530 (1970). Second, the declaratory judgment procedure remains the preferred remedy for challenging the execution of a sentence. *Pina v. Superintendent Mass. Correctional Inst.,* 376 Mass. 659, 382 N.E.2d 1079, 1083 (1978); *Petition of Beaton,* 354 Mass. 670, 241 N.E.2d 845, 866 n. 1 (1968).

■ We hold that appellant could and should have raised his federal damages claim in the state court proceeding for declaratory and injunctive relief. *See Essex Company,* 258 N.E.2d at 530; *Martinez v. California,* 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 558 n. 7, 62 L.Ed.2d 481 (1979) (state

court may adjudicate a § 1983 claim); *McCurry,* 449 U.S. at 99–100, 101 S.Ct. at 417 (same). Pasterczyk's failure to do so runs contrary to the goals of both the declaratory judgment procedure and res judicata in regard to finality and conservation of scarce judicial resources. *See Essex Company,* 258 N.E.2d at 530; *see generally* C. Wright, *Law of Federal Courts* § 100A at 678 (4th ed. 1983). Because the claim splitting exception is inapplicable, the federal civil rights claim has been extinguished.

The district court's entry of summary judgment is *affirmed.*

---

**3.** Because we disagree with appellant's characterization of the state court suit, it is unnecessary to resolve whether a damages claim could have been properly asserted in a Massachusetts habeas corpus petition. *Cf. Preiser v. Rodriguez,* 411 U.S. 475, 494, 93 S.Ct. 1827, 1838, 36 L.Ed.2d 439 (1972) (stating that habeas corpus is not an available or appropriate *federal* remedy for a damages claim). We also reserve for another occasion whether claim or issue preclusion theories would bar a federal § 1983 damages action when the prior state proceeding involved a petition for a writ of habeas corpus. *Cf. Warren v. McCall,* 709 F.2d 1183, 1185 (7th

Cir.1983) (claims concerning reparole proceedings, litigated in a federal habeas corpus suit, cannot be relitigated in a civil rights damages action). *Silverton v. Department of Treasury, etc.,* 644 F.2d 1341, 1345–46 (9th Cir.), *cert. denied,* 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981) (due process claim under § 1983 precluded by prior adjudication on that claim in a state habeas proceeding); *Williams,* 556 F.2d at 1153 ("even a judgment in habeas can effect issue preclusion in a § 1983 action if the issue was litigated and the decision was on the merits"). Neither do we speak as to whether appellant's claims are cognizable under § 1983.