MERRIMACK STREET GARAGE, INC.

v.

GENERAL MOTORS CORPORATION.

MERRIMACK STREET GARAGE, INC.

v.

GENERAL MOTORS, INC.

Civ. Nos. 84–336–D, 85–364–D.

United States District Court,
D. New Hampshire.

Aug. 24, 1987.

W. Wright Danenbarger, Manchester, N.H., Donald B. Gould, Boston, Mass., for plaintiff.

Howard B. Myers, Concord, N.H., John H. Henn, Boston, Mass., for defendant.

## ORDER

DEVINE, Chief Judge.

The Court herein addresses three motions in conjunction with two related lawsuits: civil action No. 84–336–D [hereinafter "Suit I"] and civil action No. 85–364–D [hereinafter "Suit II"]. These motions are: (1) defendant's motion for dismissal or summary judgment in Suit II, Rules 12(b)(6) and 56, Fed.R.Civ.P. (document no. 12); (2) defendant's motion for oral argument on the above motion (document no. 20); and (3) plaintiff's motion for leave to amend its complaint in Suit I, Rule 15(a), Fed.R.Civ.P. (document no. 59). Defendant's motion for oral argument is de-nied, as the Court finds that oral argument would not aid in resolution of the issues presented; the two remaining motions and objections thereto are addressed on the documents as filed. *See* Rule 11(g), Rules of the United States District Court for the District of New Hampshire.

### Discussion

*Defendant's Motion for Dismissal or Summary Judgment, Suit II*

At the heart of defendant's motion is its assertion that the prior litigation which took place between the parties in Suit I has a preclusive effect on Suit II. In Suit I, plaintiff Merrimack Street Garage, Inc. ("Merrimack"), thirteen other franchised automobile dealers, and plaintiff's state trade organization brought suit against General Motors ("GM") in state court pursuant to New Hampshire Revised Statutes Annotated ("RSA") 357–C (1984) which prohibits price discrimination by automobile manufacturers. Plaintiffs contended that GM had violated New Hampshire law by failing to police its fleet incentive program's resale restrictions, thereby enabling a certain fleet buyer, Merchants Rent-A-Car ("Merchants") to purchase identical model vehicles at discriminatorily lower prices than plaintiffs for resale in direct competition with them. Following removal of the case to this federal judicial district pursuant to 28 U.S.C. § 1441, this judge granted summary judgment in defendant's favor. *See New Hampshire Automobile Dealers Ass'n v. GM*, 620 F.Supp. 1150 (D.N.H.1985) (order granting defendant summary judgment), *aff'd in part and remanded in part*, 801 F.2d 528 (1st Cir. 1986). On appeal, the First Circuit Court of Appeals affirmed the grant of summary judgment in all respects save one: the case was remanded for further factual findings regarding plaintiffs' claim that GM had breached RSA 357–C:3 I by acting "arbitrarily" or "in bad faith" in failing to move quickly and effectively to enforce its restriction on Merchants' resale of new fleet cars upon becoming aware a problem exist-

ed. *See id.,* 801 F.2d at 535.[1]

Plaintiff commenced Suit II fifteen months after Suit I was brought and five months after GM had filed its motion for summary judgment therein. Merrimack was again plaintiff and GM again defendant, the cause of action—GM's allegedly discriminatory practices—was the same, plaintiff was represented by the same counsel, and both suits were now before the same court. Only the theories of recovery were different: Suit I was based on New Hampshire law, Suit II on federal law.[2] In its answer to the Suit II complaint, GM raised an affirmative defense of estoppel based on Suit I; however, plaintiff sought neither amendment of the complaint in Suit I to include the federal claim nor consolidation of the two suits.

 GM now presses its estoppel defense. GM contends that plaintiff's attempt to maintain two lawsuits based on one cause of action is claim splitting, and as such is foreclosed by res judicata claim preclusion principles. For the reasons set forth below, the Court agrees.

The doctrine of res judicata[3] provides finality to judgments and conclusiveness to the resolution of disputes. *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Three purposes are thus served: needless litigation is prevented, enabling courts to conserve judicial resources; parties are protected from having to defend against multiplicative and vexatious lawsuits and the burden of relitigating issues which they have already litigated and won; and public reliance on the judicial system is enhanced because the consistency of decisionmaking

is maximized. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). Thus the mandate of res judicata: "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pasterczyk v. Fair,* 819 F.2d 12, 14 (1st Cir.1987) (quoting *Allen v. McCurry, supra,* 449 U.S. at 94, 101 S.Ct. at 414); *Manego v. Orleans Bd. of Trade,* 773 F.2d 1, 5 (1st Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986).

In order for a prior judgment to be accorded preclusive effect, the doctrine of res judicata requires the prior decision to have been "final" and "on the merits" (e.g., not dismissed on jurisdictional grounds), the parties to both suits or their privies to be the same, and that both lawsuits be based on the same cause of action. *Walsh, supra* note 3, 630 F.2d at 870. With regard to the instant motion, it is uncontradicted that this Court's prior resolution of Suit I was on the merits for res judicata purposes and that the parties therein are the same as in Suit II. And as to the same cause of action being involved, plaintiff admits: "[T]he essential cause of action asserted by Merrimack against GM in both the state and federal actions has always been a unitary claim based on a single factual transaction, i.e., GM's entire course of conduct in making new automobiles available to Merchants at discount prices under the Fleet Incentive Program when it was on notice of Merchants['] improper resale practices." Response of Plaintiff (document no. 19) at 4 & n. 2. Thus, three elements of the test are established.

---

1. RSA 357–C:3 I deems it an unfair method of competition and unfair and deceptive practice for any manufacturer in the position of GM "to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of such parties or to the public."

2. Sections 2(a) and 2(e) of the Robinson-Patman Act, 15 U.S.C. § 13(a) and (e) (prohibiting price discrimination between different purchasers of like commodities).

3. To facilitate analysis of the issues before the Court, the term "res judicata" as used hereafter in this Order will embrace both res judicata

(claim preclusion) and collateral estoppel (issue preclusion) principles. *See Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984); *Fiumara v. Fireman's Fund Ins. Companies,* 746 F.2d 87, 90–91 n. 1 (1st Cir.1984); *Walsh v. International Longshoremen's Ass'n,* 630 F.2d 864, 867 n. 5 (1st Cir.1980); C. Wright, A. Miller & E. Cooper, 18 *Federal Practice and Procedure* [hereinafter *"Wright, Miller & Cooper"*] § 4402 at n. 4 and accompanying text (1981 & Supp. 1987).

Plaintiff, however, contends that the remand and continuing adjudication of Suit I prevents the judgment from being considered "final". *Id.* at 2–3. Plaintiff asserts that although Suit I might have res judicata effect as to *issues* not remanded for further proceedings, remand—even one as limited as herein—opens the door for counsel to bring forth new *theories of recovery*, even though the cause of action is unchanged. *Id.* at 5–6 n. 3. Plaintiff has cited no authority directly supporting its argument, but instead relies on inapposite cases involving appellate reversals. *See, e.g., id.* at 3, 5 (citing *Smith Machinery v. Hesston,* No. Civ–82–1299 SC, slip op. at 7–8 (D.N.M. Mar. 26, 1987)) (unpublished slip opinion supplied to the court by plaintiff).

 The fact that a case is remanded for further proceedings does not automatically render res judicata attachment inapplicable. Absent unusual circumstances, a judgment affirmed is final for res judicata purposes as to those parts of the action no longer subject to litigation; that is, determination of a cause of action is final and binding as to matters affirmed by a court of appeals regardless that litigation might continue on some limited matters directly related thereto. *Seguros Tepeyac v. Jernigan,* 410 F.2d 718, 727–28 & n. 18 (5th Cir.), *cert. denied,* 396 U.S. 905, 90 S.Ct. 219, 24 L.Ed.2d 181 (1969); *Bullen v. De Bretteville,* 239 F.2d 824, 829 (9th Cir.1956),[4] *cert. denied sub nom. Treasure Co. v. Bullen,* 353 U.S. 947, 77 S.Ct. 825, 1 L.Ed.2d 856 (1957); *Mazaleski v. Harris,* 481 F.Supp. 696, 698 (D.D.C.1979), *aff'd without opinion sub nom. Mazaleski v. Schweiker,* 670 F.2d 1235 (D.C.Cir.1981), *cert. denied,* 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 141,

*reh'g denied* 456 U.S. 985, 102 S.Ct. 2262, 72 L.Ed.2d 865 (1982); Restatement (Second) of Judgments §§ 13 comment e, 24, 25 comment e & illust. 10–11, *id.* comment f, 26 (1982);[5] *Wright, Miller & Cooper* § 4432 nn. 18–20 and accompanying text (and cases therein cited) (1981 & Supp. 1987). Further support for such conclusion is found in the fact that courts have applied collateral estoppel and the analogous doctrine of the law of the case in a similar manner. *See In re Dalkon Shield Punitive Damages Litigation,* 613 F.Supp. 1112, 1117 (E.D.Va.1985) (findings affirmed by appellate court automatically support issue preclusion); *Smith Machinery v. Hesston, supra,* No. Civ–82–1299 SC, slip op. at 9–10 (doctrine of the law of the case precludes relitigation of issues addressed and decided in prior holding unless court is convinced prior holding is "clearly erroneous and would tend to work manifest injustice"); J. Moore, J. Lucas & T. Currier, 1B *Moore's Federal Practice* ¶ 0.416[2], at 517–18 (1984) (unreversed determinations of trial court are generally adhered to on remand under doctrine of law of the case).

Carried to its logical end, plaintiff's interpretation would allow even the most carefully crafted and narrowly restricted remand to serve as a springboard for the renewal of litigation. Such is against the weight of claim preclusion principles. In Suit I, plaintiff's cause of action was argued and decided in a forum in which there were no jurisdictional barriers to the presentation of plaintiff's entire claim, including any theories of recovery or demands for relief which might have been available under applicable law. *See Pasterczyk, supra,* 819 F.2d at 14–15 (citing Restatement

---

**4.** For authority, the *Bullen* court cited Restatement of Judgments § 41 comment c, which states: "A judgment may be final as to some matters in litigation, although the litigation continues as to other matters." Comment c is included in Restatement (Second) of Judgments in virtually unchanged form at § 13 comment e (1982).

**5.** Because Suit I was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1441, state law determines the scope of preclusion. However, both the New Hampshire

Supreme Court and the First Circuit Court of Appeals look to the Restatement (Second) of Judgments (1982) for guidance as to res judicata principles. Accordingly, as precedent the Court utilizes decisions from all jurisdictions whose law is based on the Restatement (Second). *See Manego v. Orleans Bd. of Trade, supra,* 773 F.2d at 5 (federal law); *Fiumara, supra* note 3, 746 F.2d at 91 (citing New Hampshire law); *Roy v. Jasper Corp.,* 666 F.2d 714, 717 (1st Cir.1981) (same); *Hopps v. Utica Mut. Ins. Co.,* 127 N.H. 508, 511, 512, 506 A.2d 294, 297 (1985).

(Second) of Judgments § 26(1)(c) (1982)). That plaintiff chose to present only some of its claims was a decision which runs contrary to the goals of res judicata in regard to finality and conservation of scarce judicial resources. *Id.; Manego, supra,* 773 F.2d at 7.

As this Circuit has held: "A party is entitled to one day in court, but only one. No reason appears why it should make a difference under what type of cloud the sun happened to set." *Hadge v. Second Fed. Sav. & Loan Ass'n,* 409 F.2d 1254, 1257 (1st Cir.1969). There being no genuine issue as to any material fact and plaintiff's claim being barred as a matter of law, defendant's motion for summary judgment in Suit II (document no. 12) is granted. Rule 56(c), Fed.R.Civ.P.

*Plaintiff's Motion to Amend the Complaint, Suit I*

Pursuant to Rule 15(a), Fed.R.Civ.P., plaintiff seeks to amend Suit I's complaint to include the federal claim asserted in Suit II and to insert a demand for a jury trial on the issues of fact remanded in Suit I. Defendant objects, claiming that the motion should be denied due to the pendency of Suit II, the application of res judicata, the motion's untimeliness in light of the fact that summary judgment has already been granted and largely affirmed on appeal, and plaintiff's lack of a valid excuse for its delay in bringing the motion.

■ The decision to grant or deny a Rule 15(a) motion to amend lies within the sound discretion of the district court. *Tiernan v. Blyth, Eastman, Dillon & Co.,* 719 F.2d 1, 4 (1st Cir.1983). This discretion, however, is subject to stricture: it is mandated that leave to amend "shall be freely given when justice so requires." Rule 15(a), Fed.R.Civ.P.; *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendments are not to be denied solely on the basis of delay. *Hayes v. New England Millwork Distrib.,* 602 F.2d 15, 19–20 (1st Cir.1979).

■ Nonetheless, a district court must consider the possible prejudicial impact granting leave might have on the nonmovant. In consideration thereof, if a considerable delay has occurred, the burden is upon the movant to show a valid reason for the Court to excuse the delay. *See, e.g., id.; Stepanischen v. Merchants Despatch Transp. Co.,* 722 F.2d 922, 933 (1st Cir. 1983); *Tiernan, supra,* 719 F.2d at 4. Claims may not be added to a suit if barred by a judgment in a previous action. C. Wright, A. Miller & M. Kane, 6 *Federal Practice and Procedure* § 1487, at 433 & n. 60 (1971 & Supp. 1987) (and cases cited therein). Lastly, leave to amend need not be granted if amendment would serve no purpose. *Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 230.

■ Merrimack has shown no adequate reason to excuse its delay; rather, it apparently made a tactical decision to proceed only on its state claims in Suit I. Furthermore, as set forth above, the federal claim Merrimack herein seeks to add is barred by res judicata; thus, a grant of leave to amend would be an exercise in futility. Under such circumstances of extended and unwarranted failure to raise initially claims of which Merrimack was well aware, and the futility of now asserting them, leave to amend must be denied. *See, e.g., id.; Oreck Corp. v. Whirlpool Corp.,* 639 F.2d 75, 81 (2d Cir.1980), *cert. denied,* 454 U.S. 1083, 102 S.Ct. 639, 70 L.Ed.2d 618 (1981); *Council for Employment & Economic Energy Use v. WHDH Corp.,* 580 F.2d 9, 13 (1st Cir.1978), *cert. denied,* 440 U.S. 945, 99 S.Ct. 1421, 59 L.Ed.2d 633 (1979); *Bricker v. Crane,* 468 F.2d 1228, 1233 (1st Cir. 1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973).

As to plaintiff's request to insert a demand for a jury trial on the issues remanded in Suit I, said request is denied. It is untimely on a federal law basis, *see* Rule 38(d), Fed.R.Civ.P., without merit on a state law basis, *Hallahan v. Riley,* 94 N.H. 338, 339–40, 53 A.2d 431, 432 (1947) ("a guaranty of trial by jury cannot be invoked in special, statutory or summary proceedings unknown to the common law"), and contrary to the direction of the Court of Appeals regarding the course remand was

to take, Suit I, 801 F.2d at 535 ("the district court should hear Mr. Vader testify").

### Conclusion

Defendant's motion for oral argument in Suit II (No. 85–364–D, document no. 20) is denied. Defendant's motion for summary judgment in Suit II (No. 85–364–D, document no. 12), is granted. Plaintiff's motion to amend its complaint in Suit I (No. 84–336–D, document no. 59) is denied.

SO ORDERED.