957 F.2d 912
 294 U.S.App.D.C. 163
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Otis Donald WITHERSPOON, Appellant,
v.
Joseph E. GENOVA, Attorney General, et al.
 No. 90-5269.
 United States Court of Appeals, District of Columbia Circuit.
 March 20, 1992.
Order on Denial of Rehearing June 5, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the submissions filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED that appellant's request for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practice and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED AND ADJUDGED that the district court's order filed July 6, 1990 be affirmed. As the district court pointed out, appellant has previously sued defendants with respect to his 1985 arrest. In the prior litigation, he failed to assert a claim for damages, and is now barred from maintaining a second action arising from the same transaction or episode. See Pasterczyk v. Fair, 819 F.2d 12 (1st Cir.1987); see also Restatement (Second) of Judgments §§ 24(1), 25 (1982).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ORDER
 
 5
 June 5, 1992.
 
 
 6
 Upon consideration of appellant's petition for rehearing, filed April 9, 1992, it is
 
 
 7
 ORDERED, by the Court, that the petition is denied.
 
 
 8
 While the amount of appellant's damages (i.e., storage costs) may have increased between the first and second actions, the damages themselves had begun to accrue prior to the first action. Appellant was thus required to bring this claim in the first action, or suffer preclusion. Cf. U.S. Indus., Inc. v. Blake Construction Co., 765 F.2d 195, 204-07 (D.C. Cir. 1985) (claim for attorneys fees precluded by failure to bring with action on merits, despite argument that fees accrued at later time).