**ANDREW ROBINSON INTERNATIONAL, INC., Andrew Robinson International Financial Services, Inc., Andrew Robinson International Insurance Brokerage, Inc., Andrew Robinson International Risk Management Consultants, Inc., Plaintiffs,**

v.

**The HARTFORD FIRE INSURANCE COMPANY, Defendant.**

**Civil Action No. 07–10930–NMG.**

United States District Court, D. Massachusetts.

Jan. 9, 2008.

Caryn L. Daum, Robinson & Cole LLP, Boston, MA, Gregory P. Varga, Robinson & Cole LLP, Hartford, CT, for Hartford Fire Insurance Company.

Jack P. Milgram, Jack P. Milgram, Esq., Boston, MA, for Andrew Robinson International Financial Services, Inc.

**MEMORANDUM & ORDER**

NATHANIEL M. GORTON, District Judge.

In a prior state-court action, the plaintiffs won a declaratory judgment that they were entitled to payment of a claim under their insurance policy with the defendant. In this suit they allege unfair and deceptive trade practices by the defendant for initially denying that claim. Before the Court is the defendant's motion to dismiss on the grounds of claim preclusion.

**I. *Background***

In 2003, the plaintiffs, Andrew Robinson International, Inc. et al. ("the Robinson Companies"), suffered damage to their property and business interruption expenses when the occupant of a neighboring office suite negligently renovated its facilities. Dust, paint and lead residue blew into the plaintiffs' offices, rendering them unfit for occupation for a period of time. Plaintiffs filed an insurance claim with the defendant but that claim was denied under the "pollution exemption" whereby dam-

ages arising from pollution are apparently not covered.

Plaintiffs sued the defendant in August, 2003, in Massachusetts Superior Court seeking a declaratory judgment that the "pollution exemption" did not apply and that they were therefore entitled to payment of their claim. After protracted litigation, the Superior Court allowed plaintiffs' motion for summary judgment and declaratory judgment was entered in their favor in August, 2006.

On April 19, 2007, the Robinson Companies filed a new action against Hartford in Massachusetts Superior Court alleging unfair and deceptive trade practices in violation of M.G.L. Ch. 93A ("Chapter 93A"). The new action was removed to this Court the following month. Rather than asserting that they are entitled to payment of their claim, the plaintiffs now allege that the method by which Hartford denied their claim constitutes a violation of Chapter 93A for two separate reasons:

1) that Hartford failed to conduct a proper inspection of the property before denying coverage and

2) that the denial had no basis in law and was made in bad faith.

Now before the Court is Hartford's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the grounds that the preceding declaratory judgment suit precludes this separate action for damages under the doctrine of *res judicata.* A hearing on the defendant's motion was held on Friday, December 14, 2007.

## II. *Analysis*

### A. Legal Standard

A court may not dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." *Judge v. City of Lowell,* 160 F.3d 67, 72 (1st Cir.1998)(quoting *Con-*

*ley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

At issue in the present case is the question of *res judicata* or, more precisely, claim preclusion. Hartford describes this action as "a classic case of claim-splitting", which it asserts is exactly what claim preclusion is intended to prevent. Under Massachusetts law, that principle precludes relitigation of any claim that was or could have been adjudicated in the original action. *Kobrin v. Bd. of Reg. in Med.,* 444 Mass. 837, 832 N.E.2d 628 (2005). The three prerequisites for the application of claim preclusion are: 1) identity or privity of the parties, 2) identity of the cause of action and 3) prior final judgment on the merits. *DaLuz v. Dept. of Correction,* 434 Mass. 40, 45, 746 N.E.2d 501 (2001). In this case the parties are the same and the prior judgment is conceded to be final, so the only question at issue is identity of the cause of action.

### B. Claim Preclusion and Declaratory Judgment

The parties cite conflicting authority on the question of how claim preclusion prin-

ciples apply to a declaratory judgment. Hartford relies on statements of the traditional rules of claim preclusion under the common law of Massachusetts. *E.g., Kobrin v. Bd. of Reg. in Medicine*, 444 Mass. 837, 832 N.E.2d 628 (2005); *O'Neill v. City Mgr. of Cambridge*, 428 Mass. 257, 700 N.E.2d 530 (1998); *Fidler v. E.M. Parker Co.*, 394 Mass. 534, 476 N.E.2d 595 (1985). These authorities emphasize the importance of avoiding multiple litigation and conserving judicial resources as well as preventing the possibility of inconsistent rulings but are silent with respect to the question of declaratory judgment in particular.

The case relied upon by Hartford in its reply brief, *Pasterczyk v. Fair*, 819 F.2d 12 (1st Cir.1987) concerns a state prisoner who first sought a judicial declaration that he was entitled to credit for time served in another jurisdiction and then, after prevailing, sued for damages under 42 U.S.C. § 1983. The First Circuit Court of Appeals found that the facts were "almost identical", the parties were the same and the claims "grew out of the same transaction". It then applied the rules of claim preclusion as set forth in the Restatement (Second) of Judgments, §§ 18, 24 and 26, and, finding that no exemption removed the case from the general rule, allowed the defendant's motion to dismiss.

The plaintiffs assert that ordinary rules of claim preclusion do not apply to declaratory judgments to the extent that they apply to other suits (citing *Boyd v. Jamaica Plain Co–Operative Bank*, 7 Mass.App. Ct. 153, 386 N.E.2d 775 (1979)). They urge that the section of the Restatement that should govern is § 33, which addresses declaratory judgment directly, and refer particularly to comment (c) to that section which states

> when a plaintiff seeks solely declaratory relief, the weight of authority does not view him as seeking to enforce a claim

against the defendant. Accordingly, regardless of outcome, the plaintiff or defendant may pursue further declaratory or coercive relief in a subsequent action.

That commentary has never been explicitly adopted (or rejected) by Massachusetts or First Circuit case law.

Thus, the defendant asserts that this Court should follow the lead of the First Circuit Court of Appeals in relying on the Restatement but disregard § 33 and the relevant comment (c). The plaintiffs, in contrast, contend that, in the absence of case law to the contrary, the Restatement as a whole should guide the Court's reasoning.

The plaintiffs would distinguish *Pasterczyk* by suggesting that, unlike in that case, they will present facts in this case that differ from those pertinent to their declaratory judgment action. They argue that their first action was limited to an interpretation of the insurance policy, whereas this Chapter 93A suit concerns the internal policies at Hartford and whether they led to the bad faith handling of their claim. If there is a real distinction between the cases, claim preclusion is absent for want of the second essential element, identity of cause of action. *Daluz*, 434 Mass. at 45, 746 N.E.2d 501.

## C. Controlling Questions

Two questions determine the disposition of this motion. If either is resolved in the plaintiff's favor, the motion to dismiss must be denied. First, were the facts in the declaratory judgment suit different from those presented in this 93A suit? Second, assuming the facts in the two suits are the same, which authority controls, *Pasterczyk* or the Restatement (Second) of Judgments?

## 1. The Factual Question

The first question is whether the current action arises out of the same factual circumstances as the prior declaratory judgment suit. There is no doubt that the facts overlap in a substantial way and that a common-sense view of the plaintiffs' causes of action would suggest that, in the language of *Pasterczyk* and § 24 of the Restatement, they arise "out of the same transaction".

Furthermore, granting that all facts alleged in the complaint are true and drawing all reasonable inferences in the plaintiff's favor, the holding in *Langadinos*, 199 F.3d at 69, does not alter that common-sense first impression. Although the plaintiffs argue that the question of policy interpretation is separate from the question of bad faith claims handling, it is beyond dispute that both cases arise out of the same "transaction". That transaction is the sequence of events surrounding the plaintiffs' purchase of an insurance policy from Hartford. But for the policy, there would have been no dispute over the pollution exemption, and but for that dispute, there would be no question of unfair and deceptive trade practices or bad-faith handling of a claim.

In essence, the plaintiffs contend that the merits of their insurance claim and the defendant's response to that claim arise out of separate transactions. In fact, the two causes of action arise out of the same underlying incident and constitute two sides of the same coin.

## 2. The Legal Question

The legal question, whether the rule of *Pasterczyk* or the Restatement should control this case, presents a different quandary. The First Circuit Court of Appeals does not address the Restatement (Second) of Judgments, § 33, in deciding *Pasterczyk*. Nonetheless, it has provided this Circuit with a statement of the law of claim preclusion and declaratory judgment which, notwithstanding any reservations of the parties with respect to the reach of the Restatement, is binding on this Court. Absent an explicit adoption by either the courts of the Commonwealth of Massachusetts or of the First Circuit, the Restatement of Judgments remains persuasive but not binding authority. Thus, the rule of *Pasterczyk* controls and, because both actions commenced by the Robinson Companies' arise out of the same "transaction", the defendant's motion to dismiss will be allowed. The plaintiffs made reference, in both their opposition to Hartford's motion and at the hearing, to *Schwartz v. Travelers Indemnity Co.*, 50 Mass.App.Ct. 672, 740 N.E.2d 1039 (2001), which held that statutory rights under Chapter 93A are independent from common law contract rights created by an insurance contract. That proposition was expounded in a dispute over which statute of limitations should apply to the plaintiff's claim and it does not contradict the ruling in *Pasterczyk* that, where two cases share substantially identical facts, they arise out of the same transaction and are therefore subject to claim preclusion.

## D. Litigation Strategy

The plaintiffs' decision to withhold their Chapter 93A claim from their initial suit for declaratory judgment appears to have been tactical. The task of persuading the factfinder that multiple damages are appropriate is, apparently, more readily accomplished in a proceeding in which the underlying liability is a *fait accompli*. When a factfinder is presented with the question only of how substantial are the plaintiff's damages rather than whether it suffered any at all, the factfinder will more likely award greater damages. Plaintiffs are not, as a matter of course, entitled to such bifurcation, which is not only prejudicial to the defendant but also a waste of

judicial resources. If the plaintiffs were entitled to multiple damages for Hartford's denial of their claim they should have sought such damages in the original (and sufficient) lawsuit.

The fact that Judge Borenstein of the Massachusetts Superior Court wrote 18 carefully-considered pages evaluating the positions of the parties strongly suggests that the judge, at least, did not find Hartford's original denial of the claim frivolous or even without any merit. What emerges from the decision in state court is a good faith dispute between an insurer and an insured over the interpretation of an arguably ambiguous term in the policy. That indicates that a Chapter 93A suit, alleging bad faith handling of an insurance claim, would likely have been unsuccessful if presented alongside the coverage question.

Finally, Hartford has pointed out that the plaintiffs' initial suit was not only for declaratory judgment but also asked the state court to "grant such other and further relief as this Honorable Court deems appropriate". The defendant asserts that the alternative prayer for relief removes the plaintiffs' case from "solely declaratory relief" limitation in the Restatement, § 33, and restores the ordinary rules of claim preclusion. Hartford asserts that similar language in the *Pasterczyk* case was found to be significant by the First Circuit and therefore binding precedent on this Court. The *Pasterczyk* opinion did not, however, rely on the "boiler plate" prayer for alternative relief nor will this Court.

**ORDER**

Because 1) this case arises out of the same transaction as the state court suit for declaratory judgment and 2) the holding of *Pasterczyk v. Fair,* 819 F.2d 12 (1st Cir. 1987), is binding upon this Court, the de-

fendant's motion to dismiss (Docket No. 3) is **ALLOWED.**

**So ordered.**