**Francisco J. REYES, Plaintiff,**

v.

**GOYA OF PUERTO RICO, INC., Defendant.**

**Civil No. 08–1576 (FAB).**

United States District Court, D. Puerto Rico.

July 9, 2009.

Jose F. Quetglas, Quetglas Law Office, San Juan, PR, for Plaintiff.

Guillermo J. Ramos–Luina, San Juan, PR, for Defendant.

## MEMORANDUM & ORDER[1]

FRANCISCO A. BESOSA, District Judge.

On July 30, 2008, plaintiff Francisco J. Reyes ("Reyes") filed a two-count amended complaint against his former employer,

---

1. Armando J. Velasco, a second-year student at Tulane University Law School, assisted in the preparation of this memorandum.

Goya of Puerto Rico, Inc. ("Goya") (Docket No. 13, 1.1) First, Reyes claims that Goya violated his rights contained in the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq.* (Docket No. 13, 5.2) Reyes plead a second cause of action for emotional distress under article 1802 of the Puerto Rico Civil Code. (Docket No. 13, 5.6) On November 4, 2008, Goya filed a motion to dismiss Reyes's second cause of action pursuant to Rule 12(b)(6) "on the grounds that it is preempted by USERRA and, ultimately, does not exist as a matter of Puerto Rico law." (Docket No. 19, 1.5) On November 20, 2008, Reyes opposed the motion to dismiss Reyes's second cause of action for emotional distress damages under article 1802. (Docket No. 23) On November 26, 2008, Goya replied to Reyes's opposition. (Docket No. 24)

For the reasons set forth below, the Court **DENIES** Goya's motion to dismiss Reyes's second cause of action.

## DISCUSSION

### A. Motion to Dismiss Standard

 Pursuant to Rule 12(b)(6), a complaint should be dismissed where a plaintiff does not "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* ⸺ U.S. ⸺, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is plausible on its face if it "raises a right to relief above the speculative level," *Bell Atl. Corp.,* 550 U.S. at 570, 127 S.Ct. 1955, by pleading enough "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft,* 129 S.Ct. at 1949. The court will accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Id.*; *see*

*also Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions [and] unsupportable conclusions" when evaluating the complaint's allegations, *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996), nor "accept as true a legal conclusion couched as a factual allegation," *Bell Atl. Corp.,* 550 U.S. at 570, 127 S.Ct. 1955 (quoting *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

### B. Preemption of Article 1802 Claim by USERRA or, in the alternative, Act 80.

Goya alleges that Reyes's USERRA claim preempts Reyes's state law claim for damages under article 1802 because, "[i]n enacting USERRA, Congress intended a uniform set of protections available to returning veterans in the several states and expressly forbade modification of these protections by . . . state law . . . [because] it would frustrate the statutory purpose." (Docket No. 19, 2.3–2.4) (quoting *Wrigglesworth v. Brumbaugh,* 129 F.Supp.2d 1106, 1112 (W.D.Mich.2001)).

 When considering a preemption claim, the Court must "start with the assumption that the historic police powers of the States [are] not to be superseded by . . . Federal Act unless that [is] the clear and manifest purpose of Congress." *Cipollone v. Liggett Group, Inc.,* 505 U.S. 504, 516, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (quoting *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). The purpose of Congress, therefore, is the ultimate touchstone of preemption analysis. *Id.*

 The purpose of Congress "may be 'explicitly stated in the statute's language or implicitly stated in its structure and purpose." *Id.* (quoting *Jones v. Rath*

*Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977)). If the enacted legislation contains a provision explicitly addressing the issue of preemption, and if that provision "provides a reliable indicium of congressional intent with respect to state authority," the Court only needs to identify the domain expressly preempted. *Id.* at 517, 112 S.Ct. 2608 (internal quotations omitted). Matters that do not fall within the domain are not preempted. *Id.*

Section 4302 of Title 38, United States Code, governs USERRA's relation to other federal and state laws. In pertinent part, section 4302 states:

> (a) Nothing in [USERRA] shall supersede, nullify, or diminish any Federal or *State law* (including any local law or ordinance) . . . that establishes *a right or benefit that is more beneficial to, or is in addition to, a right or benefit provided for such person in USERRA.* (b) [USERRA] supersedes any State law (including local law or ordinance) . . . that reduces, limits, or eliminates in any manner any right or benefit provided by [USERRA].

38 U.S.C. § 4302 (1994) (emphasis added).

■ As Reyes correctly points out, nothing in the statutory language suggests that state tort law causes of action are preempted by USERRA. An article 1802 tort law claim does not explicitly reduce, limit, or eliminate in any manner any right or benefit provided by USERRA. Furthermore, there is no indication in USERRA's legislative history that state law tort claims should be preempted by USERRA. *See* H.R. REP. No. 103–65 (1994), *as reprinted in 1994 U.S.C.C.A.N. 2449.* Accordingly, the Court finds that USERRA does not explicitly bar Reyes's article 1802 claim.

Goya cites *Ferguson v. Walker,* 397 F.Supp.2d 964, 971 (C.D.Ill.2005), to suggest that state law claims for damages

"such as the one [Reyes] pretends to assert" are within the domain preempted by USERRA. (Docket No. 19, 2.4) The *Ferguson* decision, however, is not on point. In *Ferguson,* Jerry Ferguson ("Mr. Ferguson"), a police officer in the Village of Ludlow, brought an action against the village, its mayor, and village board members alleging, *inter alia,* violation of his rights under USERRA and asserting claims under section 1983 for deprivation of his property and liberty interests guaranteed by the Fifth and Fourteenth Amendments. *Ferguson,* 397 F.Supp.2d at 968.

■ Following the decision in *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 20, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), the district court held that Mr. Ferguson's section 1983 claims were subsumed by USERRA. *Ferguson,* 397 F.Supp.2d at 971. The court reasoned that because USERRA provides its own comprehensive enforcement mechanism, a plaintiff may not bypass that mechanism by bringing suit directly under section 1983 *if the section 1983 violation hinges upon the same facts that constitute plaintiff's USERRA claim. Id.* (citing *Satterfield v. Borough of Schuylkill Haven,* 12 F.Supp.2d 423, 437 (E.D.Pa.1998)) (emphasis added). In other words, the principal focus for preemption purposes is whether a second claim is based upon exactly the same facts as the USERRA claim. *See Farmer v. United Bhd. of Carpenters & Joiners of Am., Local 25,* 430 U.S. 290, 305, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977) (explaining that an intentional infliction of emotional distress claim would not undermine the preemption principle if the employment discrimination does not itself form the underlying 'outrageous' conduct on which the state tort action is based); *Barreto v. ITT World Directories, Inc.,* 62 F.Supp.2d 387, 393 (D.P.R.1999) (suggesting that if the factual

predicate of the tort claims asserted in the complaint is not the same as the factual predicate of the alleged discrimination relating to military status, plaintiff may bring suit under article 1802, Puerto Rico's general tort statute, and Act 62, Puerto Rico's Military Code, simultaneously). Because Goya does not argue that Reyes's article 1802 claim hinges upon the same facts underlying Reyes's USERRA claim, (Docket No. 19, 2.1–2.5), this Court does not find that USERRA preempts Reyes's article 1802 claim. Doing so would unduly grant Goya "immunity from liability for ... tortious conduct" separate or independent of Reyes's discrimination claim. *United Const. Workers v. Laburnum Constr. Corp.*, 347 U.S. 656, 664, 74 S.Ct. 833, 98 L.Ed. 1025 (1954).

 In the alternative, Goya argues that Reyes's claim for damages under article 1802 is unavailing because Act 80, pursuant to which Reyes has brought action against Goya in state court, provides the exclusive remedy for a wrongfully discharged employee (Docket No. 19, 1.6, 3.1–3.3) (quoting *Barreto*, 62 F.Supp.2d at 395). A cursory reading of *Barreto*, however, demonstrates that Goya's Act 80 argument is equally as flawed as Goya's USERRA argument. Under Act 80, "[a]n employer may not be sued for dismissing an employee under any statute *unless it has engaged in some type of tortious conduct separate or independent from the termination of employment itself.*" *Barreto*, 62 F.Supp.2d at 395 (emphasis added). Once again, because Goya does not argue that Reyes's article 1802 claim hinges upon the same facts that underlie Reyes's Act 80 claim, (Docket No. 19, 3.1–3.3), this Court does not find that Act 80 preempts Reyes's article 1802 claim.

## C. Claim—Splitting Analysis

Lastly, Goya argues that the common law prohibition against splitting causes of action bars this Court from having supplemental jurisdiction over Reyes's article 1802 claim because Reyes is simultaneously pursuing an Act 80 claim in state court. (Docket No. 19, 4.1–4.7)

 The prohibition against splitting causes of action springs from the defense of *res judicata* and stipulates that a judgment on the merits in a lawsuit will absolutely bar a subsequent lawsuit based upon the same cause of action. *Balt. S.S. Co. v. Phillips*, 274 U.S. 316, 320, 47 S.Ct. 600, 71 L.Ed. 1069 (1927); *see Pasterczyk v. Fair*, 819 F.2d 12, 14 (1st Cir.1987) (explaining that under the rule prohibiting claim-splitting, a "claim is extinguished upon obtaining a valid and final judgment."); *Pan Am. Match Inc. v. Sears, Roebuck & Co.*, 454 F.2d 871, 874 (1st Cir.1972). As Reyes correctly points out, the "claim-splitting" defense is inapplicable here because there is no previous judgment on the merits of the same causes of action alleged by Reyes in the present lawsuit. Therefore, Goya's article 1802 claim is **not dismissed.**

## CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to dismiss.

**IT IS SO ORDERED.**