PATRICIA DANIELS *vs.* CONTRIBUTORY RETIREMENT APPEAL
BOARD & others.[1]

Middlesex. September 9, 1994. - October 6, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, & NOLAN, & LYNCH, JJ.

*Contributory Retirement Appeal Board. Administrative Law,* Exhaustion
of remedies.

A Superior Court judge correctly dismissed a complaint under G. L. c.
30A, § 14, seeking review of an administrative magistrate's denial of
an application for accidental disability retirement benefits, where the
employee had failed to file a written objection to the decision of the
magistrate with the Contributory Retirement Appeal Board as required
by G. L. c. 32, § 16 (4), and thus had failed to exhaust her administra-
tive remedies. [722]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 11, 1993.

The case was heard by *Maria I. Lopez,* J., on a motion to
dismiss.

The Supreme Judicial Court on its own initiative trans-
ferred the case from the Appeals Court.

*Nancy M. McLean* for the plaintiff.

*Robert J. Munnelly, Jr.,* Assistant Attorney General, for
Contributory Retirement Appeal Board & another.

*Thomas F. Gibson* for Middlesex County retirement
board.

NOLAN, J. The sole issue is whether the Superior Court
judge correctly dismissed the plaintiff's request for judicial
review under G. L. c. 30A, § 14 (1992 ed.), for failure to
exhaust her administrative remedies. The plaintiff appealed.

_____

[1]Middlesex County retirement board, chairman of the Contributory
Retirement Appeal Board, and the Attorney General.

We transferred the case to this court on our own motion. There was no error.

The town of Weston employed the plaintiff as a bus driver for approximately seven months. She ceased working because of a claimed disability involving pain in her back and neck. She applied to the Middlesex County retirement board (MCRB) for accidential disability retirement benefits. A medical panel found her to be physically incapacitated but it found that her employment with the town did not cause her incapacity, as required by G. L. c. 32, § 7 (1) (1992 ed.) (injury must be sustained "as a result of, and while in the performance of" duties).

After the plaintiff appealed, the Contributory Retirement Appeal Board (CRAB) assigned her case to the Division of Adminstrative Law Appeals for a hearing before an administrative magistrate who affirmed the denial of the plaintiff's application by the MCRB. It was at this juncture that error occurred. Instead of filing a written objection to the magistrate's decision which would have triggered a review by CRAB, the plaintiff filed in the Superior Court this action for review under G. L. c. 30A, § 14. The defendants filed a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), urging as the ground the plaintiff's failure to exhaust her administrative remedies. The motion was correctly allowed.

The statute is clear in requiring the filing of a written objection to the decision of the magistrate with CRAB which "shall then pass upon the appeal within six months after the conclusion." G. L. c. 32, § 16 (4) (1992 ed.). There is no statutory directive which takes this case out of the rule that administrative remedies should be exhausted before resort to the courts. *Wilczewski* v. *Commissioner of the Dep't of Envtl. Quality Eng'g*, 404 Mass. 787, 792 (1989), and cases cited.

*Judgment affirmed.*