Toomey, J.
INTRODUCTION
In this action, the plaintiff seeks judicial review of a decision by the Southbridge Retirement Board, affirmed by the Division of Administrative Law Appeals, denying him accidental disability retirement benefits. The Southbridge Retirement Board moves to dismiss this action on the grounds that the plaintiff failed to exhaust administrative remedies. For the following reasons, the motion to dismiss is ALLOWED.
BACKGROUND
The plaintiff, Rosaire Lavalee, was employed by the Town of Southbridge School Department. On February 7, 1990, he injured himself while performing his duties as a custodian. On August 14, 1990, Lavalee applied to the Southbridge Retirement Board (SRB), under G.L.c. 32, §7(1), for accidental disability retirement benefits. The SRB denied Lavalee’s application on September 17, 1991. Pursuant to G.L.c. 32, §16(4)11, Lavalee appealed SRB’s decision to the Contributory Retirement Appeal Board (CRAB), which assigned the matter to the Division of Administrative Law Appeals (DALA). On January 28, 1993, DALA held a hearing on the plaintiffs appeal, and, onApril 15,1993, affirmed the SRB’s denial of accidental disability retirement benefits.
On May 23, 1993, the plaintiff filed an action against SRB, seeking judicial review under G.L.c. 30A, §14 (Worcester Civ. Action No. 931126), claiming that the denial of benefits was unsupported by substantial evidence, arbitrary and capricious, and contrary to law. On June 7, 1993, this court (Connolly, J.) allowed the plaintiffs motion to amend the complaint to join CRAB as a defendant in the action. On July 29, CRAB moved to dismiss the complaint, arguing that (1) the plaintiff failed to exhaust his administrative remedies, and (2) the plaintiff failed to comply with the jurisdictional requirements for maintaining a G.L.c. 30A action against CRAB. This court (Houston, J.) denied the motion to dismiss by endorsement in the margin as follows: “Denied after hearing. Houston, J. 930-93.”
On May 24, 1994, this court (Lenk, J.) ordered the complaint dismissed, without prejudice, for failure to complete service of process upon the defendant SRB. The plaintiff filed the present action against SRB, and on September 14, 1994 moved to consolidate the actions against SRB and CRAB. The motion to consolidate was granted. Now before the court is defendant’s motion to dismiss the consolidated complaints on the ground that plaintiff has omitted fully to pursue his appellate remedies.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take as true the allegations of the complaint, and must draw any inferences from those allegations in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991), and cases cited. The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 4546 (1957). A complaint is not subject to dismissal unless it could support relief under no theory of law. Whitinsville Plaza v. Kotseas, 378 Mass. 85, 89 (1979).
The defendant SRB moves to dismiss on the ground that Lavalee has failed to exhaust administrative remedies available trader G.L.c. 32, §16(4). Lavalee counters that SRB is barred, by res judicata principles, from raising this argument because CRAB previously, and unsuccessfully, raised this argument in its July29,1993 motion before Judge Houston in Worcester Civil Action No. 931126. SRB has the better of the argument.
1. Exhaustion of Administrative Remedies.
The first issue presented by the motion at bar is whether the plaintiff may pursue a c. 30A appeal from a DALA decision, bypassing CRAB and proceeding directly to the superior court. We are instructed by G.L.c. 32, §16(4) that DALA decisions are binding unless either party objects in writing to CRAB, which then “shall pass upon the appeal” within six months of the DALA hearing, and render a final decision.[2] That administrative procedure, requiring that objections to DALA decisions be brought in writing to CRAB within *94 fifteen days, was affirmed in Daniels v. CRAB, 418 Mass. 721, 722 (1994). There, the plaintiff, without objecting in writing to CRAB, appealed from the DALA decision directly to the superior court. Id. at 72122. The superior court dismissed the complaint and the Supreme Judicial Court affirmed the dismissal, stating that “The statute is clear in requiring the filing of a written objection to the decision of the magistrate with CRAB.” Id. at 722.
Tracking the missteps of the plaintiff in Daniels, Lavalee failed to comply with the statutory requirement of filing a written objection to CRAB regarding the DALA decision. Because Lavalee failed to exhaust the administrative remedy afforded by CRAB, his c. 30A complaint is prematurely presented to this court.
II. Res Judicata and Collateral Estoppel.
Lavalee asserts, however, that res judicata and collateral estoppel principles bar SRB from raising the defense of failure to exhaust administrative remedies, arguing that CRAB previously and unsuccessfully raised this defense in a motion before Judge Houston in Worcester Civil Action No. 931126, and that SRB failed to appeal the denial of dismissal entered in response to the CRAB motion.
Res judicata and collateral estoppel principles dictate that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between two parties or their privies. Fidler v. E.M. Parker Co., Inc., 394 Mass. 534, 539 (1985), quoting Montana v. United States, 440 U.S. 147, 153 (1979). Determination of an issue which has been actually and necessarily resolved by a court of competent jurisdiction is conclusive in subsequent suits involving parties to the prior litigation, albeit based on a different cause of action. Fidler v. E.M. Parker Co., Inc., 394 Mass, at 539. The central requirements are that the issue sought to be foreclosed was actually litigated and was essential to the decision of the prior action. Larson v. Larson, 30 Mass.App.Ct. 418, 427 (1991).
In order for the doctrines of collateral estoppel or res judicata to apply, three factors must be present, viz, (1) the issue or claim decided in the prior adjudication must be identical to the issue or claim in the current action; (2) a final judgment on the merits must have been entered in the previous action, and (3) the party against whom the doctrine is asserted must have been a party or in privity with the party to the earlier adjudication. Massachusetts Property Ins. Underwriting Association v. Norrington, 395 Mass. 751, 753 (1985); see also Massachusetts Hospital Association, Inc. v. Harris, 500 F.Supp. 1270, 1281 (D.Mass. 1980). The party invoking the doctrine of issue preclusion bears the burden of demonstrating that the principles of issue preclusion apply to his or her case. Commonwealth v. Bunting, 401 Mass. 687, 691 (1988).
Lavalee has failed to carry his burden of demonstrating that collateral estoppel or res judicata principles apply to block this court’s consideration of defendant’s exhaustion argument. Lavallee has not made any showing that Judge Houston actually and necessarily denied the motion to dismiss on the grounds that the plaintiff had not exhausted his administrative remedies.
Additionally, Judge Houston’s denial of CRAB’s motion to dismiss did not constitute a final judgment on the merits. Massachusetts Rule of Civil Procedure 54(a) defines “final judgment” as “. . . the act of the trial court finally adjudicating the rights of the parties affected.” Indeed, the subsequent dismissal without prejudice of the earlier case by Judge Lenk and its ultimate consolidation with this action demonstrate that the trial court had not yet finally adjudicated the rights of the parties when the instant motion was offered. Furthermore, Massachusetts case law supports the proposition that denial of a motion to dismiss is not a final adjudication of the rights of the parties affected, when the denial allows the claim to proceed toward trial. See Cosmopolitan Trust Co. v. Cohen, 244 Mass. 128, 130 (1923) (denial of motion to dismiss was “an interlocutory matter, which did not render the case ripe for final judgment”).
The principle that denial of a motion to dismiss is not a final judgment for res judicata purposes has been accepted by other courts. See Diaz v. Indian Head, Inc., 686 F.2d 558, 56263 (7th Cir. 1982) (defendant’s renewed motion to dismiss at close of plaintiffs case allowed even though previously assigned trial judge had denied motion to dismiss on same grounds; tire Circuit court held that the second trial judge was not foreclosed from allowing the renewed motion to dismiss because the previous denial of the motion was interlocutory and could be reconsidered and reviewed at any time prior to final judgment); City of Mount Clemens v. U.S. EPA, 917 F.2d 908, 915 n.6 (1990) (“a denial of a motion to dismiss is not the lype of judgment that is given res judicata effect”); PCWalsh Freight Co. v. Cooper, 618 S.W.2d 449, 453 (Mo.Ct.App. 1981) (“denial of a motion to dismiss merely means that a claim has been properly stated and that the claim raises a genuine issue of fact requiring a trial... Denial of the motion does not decide the merits of the claim and simply means that the claim should go forward").
Because this court’s previous denial of the defendant’s motion to dismiss was not shown to be on the grounds advanced at bar and was not a final judgment, res judicata and collateral estoppel principles cannot operate here to defeat SRB’s meritorious motion to dismiss.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss be ALLOWED.

M.G.L.c. 32, §16(4) provides as follows:
The (CRAB). .. shall. .. assign such appeal to the (DALA) for a hearing .. . After the conclusion of such hearing, the DALA shall submit to the parties a written decision which shall be final and binding upon the board involved and *95 upon all other parties, and shall be complied with by such board and by such parties, unless within fifteen days after such decision, (1) either party objects to such decision, in writing, to the CRAB, or (2) the CRAB orders, in writing, that said board shall review such decision and take such further action as is appropriate and consistent with the appeal provided by this section. The CRAB shall then pass upon the appeal within six months after the conclusion of such hearing, and its decision shall be final and binding upon the board involved and upon all other parties, and shall be complied with by such board and by such parties.