ROBERT O'NEILL, JR. *vs.* CITY MANAGER OF CAMBRIDGE.

Middlesex. September 10, 1998. - October 16, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, & IRELAND, JJ.

*Public Employment,* Police, Accidental disability retirement, Reinstatement of personnel. *Civil Service,* Police, Reinstatement of personnel. *Statute,* Construction. *Constitutional Law,* Public employment. *Judgment,* Preclusive effect. *Administrative Law,* Exhaustion of remedies.

A Superior Court judge correctly entered summary judgment against an appointing authority and in favor of a formerly disabled civil service employee who was found to be fit to return to work by a regional medical panel, where G. L. c. 32, § 8, as amended by St. 1996, c. 306, § 16, mandated the reinstatement of such an employee without the approval of the appointing authority. [258-259]

Claim preclusion did not bar an action for reinstatement brought under the provisions of G. L. c. 32, § 8, as amended by St. 1996, c. 306, § 16, by a formerly disabled civil service employee, where the employee's earlier action seeking reinstatement was decided before the effective date of the amendment. [259-260]

There are no administrative prerequisites to maintaining an action in the Superior Court under G. L. c. 32, § 8, as amended by St. 1996, c. 306, § 16, where neither that statute nor any other provides an administrative remedy. [260]

CIVIL ACTION commenced in the Superior Court Department on April 8, 1997.

The case was heard by *Judith Fabricant,* J., on motions for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Devra G. Bailin (Thomas J. Urbelis & Nancy E. Glowa* with her) for the defendant.

*Douglas I. Louison (James W. Simpson, Jr.,* with him) for the plaintiff.

IRELAND, J. This appeal concerns the proper interpretation of G. L. c. 32, § 8, as amended by St. 1996, c. 306, § 16 (Chapter 306), a law that establishes procedures for reinstatement of

formerly disabled civil service employees. It presents issues similar to those in *White* v. *Boston, ante* 250 (1998), also decided today.

The plaintiff, Robert O'Neill, Jr., was a police officer for the city of Cambridge from November 1, 1965, until June 24, 1972, at which time a retirement board granted him a disability retirement. The plaintiff was disabled primarily as a result of psychological injuries stemming from an automobile accident on July 30, 1971.

In December, 1989, a regional medical panel cleared the plaintiff to return to work. On January 26, 1990, after the Cambridge retirement board notified him of the medical panel's conclusion, the defendant, the city manager of Cambridge and appointing authority for the Cambridge police department (department), acting on the recommendation of the Cambridge police commissioner, refused to reinstate the plaintiff because there was no vacancy in the department.

The plaintiff first brought suit in 1993 in the Superior Court. After trial, on November 15, 1996, a judge ordered the defendant to consider the plaintiff for reinstatement. The defendant did so and, after reviewing the recommendation of the police commissioner, rejected the plaintiff in writing to the retirement board on January 17, 1997, citing numerous reasons beyond the plaintiff's physical condition. These included the fact that the plaintiff had been brought up on criminal charges, had a protective order entered against him, was alleged to have committed perjury in a 1994 deposition, and had provided false information on his 1996 application for reinstatement to the department.

On January 31, 1997, the plaintiff was reexamined by another regional medical panel, which found him fit to return to his job. The retirement board notified the defendant of the medical panel's conclusion, but he again declined to reinstate the plaintiff. The plaintiff again filed suit in the Superior Court, this time relying on the new statute, Chapter 306. A second Superior Court judge granted the plaintiff's motion for summary judgment and ordered the defendant to reinstate the plaintiff. The judge stayed her decision pending the defendant's appeal. We transferred the case from the Appeals Court on our own motion and now affirm.

1. *Discretionary authority.* We held today, in *White, supra,* that G. L. c. 32, § 8, mandates reinstatement of formerly dis-

abled employees once a medical panel determines they are fit to return to their former positions and a vacancy exists. Our conclusion here is the same as the one we reached in that case.

This case, however, differs from *White* in one key respect. The defendant raises disturbing allegations of improprieties committed by the plaintiff while he was on disability retirement. In such instances, the defendant argues, appointing authorities need discretion to deny reinstatement of such an employee. Nothing in the statute, however, allows the defendant to prevent reinstatement of the plaintiff based on allegations of this type. As we noted in an earlier discussion of G. L. c. 32, § 8, the appointing authority may work within the preexisting civil service system to remedy problems like those raised by these facts. See *Yebba* v. *Contributory Retirement Appeal Bd.*, 406 Mass. 830, 839 n.7 (1990) (noting that "discharge proceedings may be commenced against a civil service employee immediately following his reinstatement, or at any time thereafter").

2. *Constitutionality of G. L. c. 32, § 8.* We reject the defendant's constitutional challenge to G. L. c. 32, § 8, for the same reasons we rejected the defendants' position in *White.* See *White, supra* at 254-255.

3. *Claim preclusion.* The defendant argues that claim preclusion operates to bar the plaintiff's present action because his reinstatement claim was already raised and decided in the earlier action in the Superior Court in November, 1996.

"Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Blanchette* v. *School Comm. of Westwood*, 427 Mass. 176, 179 n.3 (1998). It "is 'based on the idea that the party to be precluded has had the incentive and opportunity to litigate the matter fully in the first lawsuit.' " *Heacock* v. *Heacock*, 402 Mass. 21, 24 (1988), quoting *Foster* v. *Evans*, 384 Mass. 687, 696 n.10 (1981).

Claim preclusion does not bar the plaintiff's claim. It does not apply in a case like this, where a party did not have an opportunity to raise the claim at the earlier proceeding. The plaintiff could not have asserted rights under Chapter 306 in the earlier action because that action was decided before the effective date of Chapter 306.

The system established by Chapter 306 supports our conclusion. First, nothing in the statute prohibits disabled employees

from seeking reinstatement if they have sought it before or if they were disabled prior to the effective date of Chapter 306. Second, barring claims of disabled employees who sought reinstatement prior to the institution of Chapter 306 would contradict its mandate — to return formerly disabled employees to work. See *White, supra* at 253.

4. *Administrative remedies.* The defendant argues that the plaintiff should not have been reinstated by the court because he has failed to exhaust available administrative remedies. The defendant argues that the plaintiff has failed to appeal from his most recent denial of reinstatement which stemmed from the plaintiff's 1993 Superior Court action and that all available administrative remedies must be concluded before this present suit can be addressed.

We reject the defendant's contention. Neither the powers of the administrator of the department of personnel administration under G. L. c. 31, § 5, nor the provisions for separation under G. L. c. 31, § 39, create a right to an administrative appeal.

We also reject any suggestion that the plaintiff has failed to pursue an administrative remedy available under G. L. c. 32, § 8. In general, "administrative remedies should be exhausted before resort to the courts," *Daniels* v. *Contributory Retirement Appeal Bd.,* 418 Mass. 721, 722 (1994), but exhaustion cannot be required where no administrative remedy exists. See *Space Bldg. Corp.* v. *Commissioner of Revenue,* 413 Mass. 445, 448 (1992). There is no administrative prerequisite to maintaining an action in the Superior Court under G. L. c. 32, § 8, because Chapter 306 does not provide for administrative review of the department's denial of reinstatement.

5. *Conclusion.* Summary judgment for the plaintiff is affirmed.

*So ordered.*