Sikora, J.
INTRODUCTION
The plaintiff, Paul T. Blair (Blair), filed this action seeking an order of the court compelling his reinstatement as sergeant on the Brookline Police Department. The case is currently before the court on cross-motions for summaiy judgment.[3]
For the reasons set forth below, Blair’s motion is allowed and the defendants’ motion is denied.
BACKGROUND
The relevant and undisputed facts are as follows:
In September 1974, Mr. Blair was appointed to the civil service position of police officer in the Brookline Police Department. In January 1984, he was appointed to the rank of police sergeant. In September 1986, Mr. Blair was retired from Brookline Police Department pursuant to G.L.c. 32, §7, due to hypertension.
In November 1996, Mr. Blair submitted a written request to the Brookline Retirement Board requesting that he be reexamined in accordance with Chapter 306 of the Acts of 1996, to determine his eligibility to be reinstated to Brookline Police Department. The Brook-line Retirement Board requested that the Public Employee Retirement Administration Commission (P.E.R.A.C.) engage an independent regional medical panel to examine the plaintiff. The purpose of the examination was to determine whether the plaintiff was able to perform the duties of the same position from which he was retired.
On February 26, 1996, the medical panel examined Mr. Blair and issued their written certification that the condition (hypertension) for which Mr. Blair was retired has “[c]hanged so that [he] is able to return to the same position from which he is retired.” On April 23, 1997, the Brookline Contributory Retirement Board conducted a hearing and voted and directed a letter to the Brookline Chief of Police, the Brookline Board of Selectmen, and the Town Personnel Director, instructing them to take “appropriate action.” On July 9,1997, the Brookline Chief of Police informed Mr. Blair that the police department would not consider his candidacy for any vacancy.
DISCUSSION
This court grants summary judgment where there are no genuine issue of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and the entitlement of the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where, as in the instant case, both parties have moved for summaiy judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Evaluation and Reexamination of Members Retired for Disability
G.L.c. 32, §8(2), as amended by St. 1996, c. 306, §16, governs the procedure for the evaluation and *107 reexamination of members retired for disability. The statute provides, in pertinent part:
If, after two years of the date that a member is retired under Section six or seven, the regional medical panel determines that the retired member is qualified for and able to perform the essential duties of the position from which he retired or a similar position within the same department, as determined by the personnel administrator, said member shallbe returned to said position, provided the position is vacant. If the position has been filled, the member shall be granted a preference for the next available position or similar position for which he is so qualified. G.L.c. 32, §8(2) (emphasis added).
Prior to this amendment, the statute contained language granting discretion to department heads to approve or veto rehiring: “the board may, with the approval of the head of any department in which a vacancy exists” order the restoration to active service. G.L.c. 32, §8(2) (emphasis added). With the amendment by Chapter 306, effective November 7, 1996, “(t]he Legislature removed the language that gave the department head discretion to approve or to reject the reinstatement of a formerly disabled employee and replaced it with the directive that a formerly disabled, but now capable, employee ‘shall’ be returned to the employee’s previous position or one similar to it if a vacancy exists.” White v. City of Boston, 428 Mass. 250, 252 (1998).
It is clear that the statute mandates the reinstatement of formerly disabled employees once a medical panel determines that they are fit to return to their former positions and that a vacancy exists. O'Neill v. City Manager of Cambridge, 428 Mass. 257, 258-59 (1998), citing White v. City of Boston, 428 Mass. at 252.
The gravamen of the plaintiffs complaint is that he has satisfied the requirements of the statute — i.e. the P.E.R.A.C. medical panel determined that he is able to perform the same duties of the position from which he was retired — and that the defendants have clearly violated the statute by denying his reemployment rights. The defendants argue that Blair cannot be reinstated to his former position because he has not (1) been determined by a competent medical panel to be qualified for and able to perform the essential duties of a Brookline police sergeant; (2) completed a mandatory retraining program pursuant to G.L.c. 31, §39; and (3) exhausted his administrative remedies. These arguments will be dealt with seriatim.[4]
I.Competent Medical Panel
The defendants’ argument that the medical panel did not determine that Blair is qualified for and able to perform the “essential duties of the position” of a police sergeant is without merit. The reexamination certificate ofRE.RA.C. charges the medical panel with determining “whether the condition of the individual has so changed that he is physically able to return to the same or a similar position from which he/she retired.” See Defendant’s Exhibit #2; Plaintiffs Exhibit #3. After an examination of the plaintiff and review of his medical records, the panel opined that Mr. Blair’s condition has changed so that he is able to return to the same or a similar position from which he is retired. Id. Clearly, this process accords with the statute. The Public Employee Retirement Administration Commission adequately performed the evaluation mandated in G.L.c. 32, §8, to determine “whether the disability for which the member was retired continues to render the member unable to perform the essential duties of his job.” G.L.c. 32, §8(1)(a). This court has reviewed the P.E.R.A.C. reexamination certificate along with a narrative report by Dr. James Smith, a panel member, and is satisfied that Mr. Blair’s evaluation was performed by a competent medical panel.
II.Mandatory Retraining Program — G.L.c. 31, §39
The defendants further argue that Blair cannot be reinstated to his former position because he has not completed a mandatory retraining program pursuant to G.L.c. 31, §39. Section 39 reads, in pertinent part:
If a permanent employee who has become separated from his position because of disability shall be subsequently capable of employment as determined pursuant to section eight of chapter thirty-two by the retirement board . . . such employee shall be placed in a position in the same or similar title in the department from which he was separated or any other department prior to the appointment from any civil service list; provided, however, that in any event that such placement of such employee occurs after a period of time greater than five years from the date of such separation or results in such employee occupying a position in a different title from the title of the position from which he was separated such placement right shall be subject to the completion by such employee of a retraining program established by the appointing authority, and approved by the personnel administrator.
The defendants interpret this provision to read that retraining must take place before Mr. Blair is reinstated. While it is clear from chapter 39 that the defendants may direct Mr. Blair to attend further training, the defendants cannot refuse to reinstate him until such training is completed. G.L.c. 32, §8 mandates that, once its provisions are satisfied, the plaintiff shall be reinstated. See G.L.c. 32, §8(2); see also O’Neill v. City Manager of Cambridge, supra at 258-59 (statute mandates reinstatement of former employees once medical panel determines fitness).
III.Administrative remedies
Finally, the defendants assert that Mr. Blair’s claim is premature because he has failed to exhaust available administrative remedies. Specifically, the defendants argue that a number of issues pending in the *108 plaintiffs appeal to the Contributory Retirement Appeal Board (C.R.A.B.) are identical to issues raised in this lawsuit and that the court should defer decision in this matter until the resolution of such issues.
It is well settled that, as a general rule, all administrative remedies are required to be exhausted before a litigant resorts to the courts. See Daniels v. Contributory Retirement Appeal Bd., 418 Mass. 721, 722 (1994). Exhaustion cannot be required, however, where no administrative remedy exists. See O’Neill v. City Manager of Cambridge, supra at 260 citing Space Bldg. Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992). The defendants’ argument fails as “[t]here is no administrative prerequisite to maintaining an action in the Superior Court under G.L.c. 32, §8, because Chapter 306 does not provide for administrative review of the departments denial of reinstatement.” O'Neil v. City Manager of Cambridge, supra at 260.
In sum, the Boston and Cambridge decisions confirm the literal plain meaning of the statute. It is straightforwardly mandatory. It does not permit any residual discretion to municipal officials to delay or to condition reinstatement once determined by the regional medical panel. If municipal officials encounter any genuine disability on the part of the reinstated employee, they may pursue the post-reinstatement remedies of “the pre-existing civil service system.” O’Neill v. City Manager of Cambridge, supra at 259.
ORDER
For the above stated reasons, it is hereby ORDERED that the motion of the plaintiff, Blair, for summary judgment be ALLOWED. It is further ORDERED that the Brookline defendants’ motion for summary judgment be DENIED. The defendants are ORDERED to reinstate the plaintiff effective as of August 5, 1997. It is further ORDERED that the plaintiff be awarded compensatory damages for losses resulting from the delay of his reinstatement.[5]
The defendants in Brookline, et al. v. Public Employee Retirement Administration Commission of Massachusetts, et al., Norfolk C.A. No. 97-01073, did not participate in the briefing or argument of the instant action. It is hereby ORDERED that these parties stipulate to, or move for, final disposition of that distinct but consolidated action.

 The plaintiff initially sued the town of Brookline, including O’Leary as the Chief of Brookline Police, in Suffolk Superior Court (Civil Action No. 97-3823G). Brookline sued Blair in Norfolk Superior Court upon the same issue of statutory application (Civil Action No. 97-01073). On July 30, 1997, the court denied the plaintiffs request for preliminary injunctive relief in the Suffolk action and ordered the case consolidated with the Norfolk action. The parties move for summary judgment under the Norfolk docket number 97-1607.

 Preliminarily, the defendants attempt to distinguish the instant case from “police reinstatement cases in Middlesex and Suffolk Superior Courts.” The court notes that at the time of briefing and arguing this issue the parties did not have the benefit of the two recent decisions of the Supreme Judicial Court concluding those cases and interpreting G.L.c. 32, §8. See White v. City of Boston, 428 Mass. 250 (1998), and O’Neill v. City Manager of Cambridge, 428 Mass. 257 (1998). The court is not convinced that the circumstances of this case compel a contrary result. The defendants argue that, in the interest of public safety, such determination and retraining are compelling preconditions to reinstatement. This argument fails in the wake of O’Neill v. City Manager of Cambridge, 428 Mass. 257 (1998), where the defendant had argued that appointing authorities need discretion to deny reinstatement of an employee accused of misconduct. The SJC opined that “[n]othing in the statute, however, allows the defendant to prevent reinstatement of the plaintiff based on allegations of [misconduct].” Id. at 259. Consequently, in the instant case, the defendants’ public safety argument fails.

 On the issue of damages, the parties shall conduct and complete discovery on this issue within sixty days; shall brief and submit their memoranda within the following thirty days; and shall request an evidentiary hearing date with the submission of their briefs or memoranda on this issue.