Wheatley, J.
This appeal stems from the refusal of a town to honor a claim by a town employee for vacation pay in fiscal 1996. After trial, upon a complaint for nonpayment of wages, the District Court judge found in favor of the plaintiff-employee and denied a subsequent motion by the Town to amend that judgment, which denial the Town has appealed. We dismiss the appeal.
Plaintiff, Roland C. Rogers (Rogers), was employed by Town of Plainville (the Town) as a full-time police dispatcher from March 1, 1987, until the summer of 1995, on a schedule of “four days on, two days off.” In the week beginning Sunday, June 25, 1995,[1] Rogers worked June 25, 27, and 28, and took, and was paid for, a vacation day for June 26. He then took June 29 and 30 as his scheduled two days off. (June 28 was the last day that Rogers intended physically to appear for work prior to his resignation July 1, which was to be effective July 25.) In July he was granted a paid personal day for July 1 and planned to take the remaining days between July 2 and July 25 as vacation days (except for July 4, a holiday). Rogers’ request for the fourteen vacation days and one holiday was denied by the Town Chief of Police. At the time, Rogers was earning $529.62 per week.
As a result of the refusal of the Town to pay his holiday and vacation pay for fiscal 1996, Rogers filed a complaint with the Attorney General pursuant to G.L.c. 149, §150. He subsequently received permission from the Attorney General to proceed in a private action against the Town in the Attleboro District Court, which he did, alleging that as of July 1,1995, the Town owed him $2118.48 for unpaid wages. After trial, the Court found in favor of the Town and dismissed the case. On Rogers’ motion to amend or alter the judgment, the Court, on October 20, 1998, reversed itself and entered a judgment in favor of Rogers in the amount of $5561.01 (treble damages), together with interest and costs of $1621.68, and legal fees of $3945. The Town filed a motion to alter or amend this judgment, which was denied. The Town appeals from the denial of this motion.
According to the Town’s Personnel By-law, which establishes the wages, hours *211 and conditions of employment of certain town employees, including, inter alia, dispatchers, employees who work five years but less than ten years are entitled to fifteen days of paid vacation leave each year. The by-law was adopted by the Town pursuant to G.L.c. 40, §21B and G.L.c. 41, §§108A and 108E, and was in effect during the entire period of Rogers’ employment.
1. Jurisdiction. A. The Town argues first that G.L.c. 149, §150, under which Rogers complains in this case, precludes him from bringing an action other than in the Superior Court. G.L.c. 149, §150 provides in pertinent part:
Any employee claiming to be aggrieved by a [non-payment of wages] ... may,... if the attorney general assents in writing,... institute and prosecute in his own name and on his own behalf... a civil action for injunctive relief and any damages incurred, including treble damages for any loss of wages and other benefits. An employee so aggrieved and who prevails in such an action shall be entitled to an award of the costs of the litigation and reasonable attorney fees. Para. 2.
The Town reasons that, because this section gives authority basically for an action for injunctive relief and damages (not injunctive relief and/or damages), any complaint brought under this section must be for both types of relief and, because the District Court does not have general equity jurisdiction, must be brought in the Superior Court. G.L.c. 214, §1.
The apparent basic purpose of §150 is to insure that employees get wages and benefits due them within a reasonable time after their work has been performed. Secondarily, to assist them in this, the Legislature made available the opportunity for injunctive relief.[2] Originally, payment could be enforced by the Department of Labor and Industries. In 1993, §150 was amended[3] to give an employee a direct route to the employer by way of a civil action, with the assent of the Attorney General. Conceivably, many of the civil claims under this section would not, as in the present case, also require injunctive relief. To restrict the recovery of damages to only those cases where injunctive relief would be sought, would, in the words of the trial judge, “exclude a significant segment of the class [covered by the statute] from utilizing damage remedies, including punitive awards expressly provided for by the statute.” To read “and” in a conjunctive, rather than disjunctive, sense would be unreasonably to inhibit the clear purpose of the section.
Moreover, “[t]here is ample precedent for construing the word ‘and’ disjunc-tively in order to further a recognized legislative purpose.” Somerset v. Dighton Water District, 347 Mass. 738 (1964), at 743, and cases cited, and §150, as a remedial statute, should be liberally interpreted. See, generally, O’Connell v. Chandi, 400 Mass. 686 (1987), at 694. Finally, G.L.c. 218, §19 provides, in part: “... [district courts shall have original jurisdiction concurrent with the superior court of all actions in which money damages are sought....” In that there is no designation to the contrary in §150, we find that, under G.L.c. 149, §150, the District Court is a proper venue in which to seek money damages.
B. Additionally, the Town asserts that, because the Town Personnel By-law provides a Grievance Procedure for the resolution of any and all disputes arising out of the terms and conditions of the by-law, Rogers should have exhausted his *212 administrative remedies before proceeding in Court. The grievance procedure of the by-law covers “any dispute between an employee and his supervisor... arising out of an exercise of administrative discretion by such supervisor ... with respect to the conditions of the employment of the employee ...” (Personnel By-laws, Section XXIII, para. 23.3), its purpose being “... to produce prompt and equitable solutions to those problems which from time to time may arise and affect the conditions of the employment or employees.” Id. In this case, Rogers was denied payment of July wages, not because of any discretion that the Police Chief had as to any “condition of his employment,” but because of his interpretation of the applicable law. In general, “administrative remedies should be exhausted before resort to the courts, Daniels v. Contributory Retirement Appeal Bd., 418 Mass. 721, 722 (1994), but exhaustion cannot be required where no administrative remedy exists. See Space Bldg. Corp. v. Commissioner of Revenue, 413 Mass. 445, 448 (1992).” O’Neil v. City Manager of Cambridge, 428 Mass. 257 (1998), at 260. The procedure for handling grievances in the Town of Plainville does not cover an interpretation of a by-law, and the matter raised in Rogers’ complaint was properly before the District Court in the first instance.
2. The judgment. On the merits, the Town claims that it does not owe Rogers for any vacation or holiday pay for fiscal 1996, based on the fact that Rogers did not physically work during the fiscal period for which he claimed vacation. Rogers, understandably, takes the contrary position. Necessary to this discussion is an examination of the relevant portions of the Town Personnel By-law (the By-law),[4] which follow:
SECTION XII — VACATION LEAVE.
12.1 — Vacation leave with pay will be granted in accordance with the provisions of this section to each Full-Time employee including Department Heads, commensurate with the length of his continuous employment with the town. Beginning with the date of hire as a full time employee. (Amended 1987)
12.2 — FULL-TIME EMPLOYEES SHALL BE ENTITLED TO VACATION LEAVE AS FOLLOWS: (Amended 1987)
Length of Continuous Employment
....
Five (5) yrs. but less than ten (10) yrs.
...
Length of Paid Vacations
....
Fifteen (15) days
...
*213 12.3— The Department Head shall determine the time when an employee shall be granted his vacation leave. Seniority as well as work requirements will be the determining factors in the granting of vacation leave.
12.4— Vacation leave shall be taken in the fiscal year in which it is earned and shall not be accumulated from year to year, except for department heads, who will be allowed to carry over a maximum of ten (10) days of vacation leave, subject to prior approval of the Board of Selectmen.
This by-law entitles a full-time employee a certain number of days of vacation according to his or her number of continuous years of employment. Because Rogers started work on March 1,1987, and was continuously employed through June 30,1995, he qualified, according to the terms of the By-law, for fifteen days of vacation in fiscal year 1996. Para. 12.2. There is nothing in the plain language of the Bylaw, other than the continuous-employment requirement, that qualifies or limits Rogers’ entitlement to the fifteen days. As to when Rogers may take the days is the present issue. The only limitations obvious in the By-law are 1) they “shall be taken in the fiscal year in which ... [they] are earned” (Para. 12.4); 2) they “shall not be accumulated from year to year” (Para. 12.4); and 3) they shall be granted in accordance with the determination of the employee’s department head. (Para. 12.3) Because there was no discretionary alternative period in which Rogers was working in fiscal 1996, limitation #3 does not apply in this case. (The department head’s discretion, in paragraph 12.3, is limited by the requirement in paragraph 12.4that the vacation be taken in the fiscal year in which it is earned.) That is, the number of vacation days and holidays was equal to the number of days between the first day of the fiscal year and the effective date of his resignation. Because there appears to be no claim that there were left to Rogers some vacation days from prior years, limitation #2, also, does not apply here.
We are left with the limitation that the vacation days be taken in the fiscal year in which they are earned. The Town urges that the use of the word “earned” in the By-law requires that Rogers have worked during the 1996 fiscal year for some period before he is entitled to take any vacation. Under this theory, would the employee qualify if he appeared and worked for one day, five days, a month? The By-law is silent in this regard. Conceivably, the Town, in setting up the By-law, could have included a common monthly accrual requirement, wherein an employee would receive vacation credits according to the number of months worked in any particular fiscal year. But, except in the first category under paragraph 12.2, wherein an employee has to have worked at least six months before being entitled to any vacation, they did not.
The By-law must, if possible, be accorded its ordinary meaning. See Hashimi v. Kalil, 388 Mass. 607 (1982), at 609. U. S. v. Holmquist, 36 F.3d 154 (1st Cir. 1994), at 159. WEBSTER’S THIRD NEW INTERNATIONAL DICTIONARY (1993) defines “earn” to mean “to receive as equitable return for work done or services rendered.” The length of continuous full-time employment is the “work done” that dictates the number of vacation days “earned” by the employee, not the appearance by the employee on some undesignated days in the fiscal year.
Accordingly, the decision of the District Court judge is affirmed and this appeal is dismissed.
So ordered.

 At the time of the argument on the appeal, it was agreed by counsel for both parties that, for the purposes of the Town’s payroll and this appeal, the fiscal year for the Town began June 25, 1995. However, G.L.c. 44, §56 clearly states that “ [t]he fiscal year of all towns of the commonwealth shall begin with July first and end with the following June thirtieth ...,” and there was nothing presented to us that would indicate that the Town may ignore the statute. However, it matters not in our decision whether, under this fact situation, Rogers appeared for work in July, 1995, or not. If Rogers had appeared for several weeks for work in July, 1995, before he resigned, it might make the result in this case more obvious, but no less compelling.

 The Town argues that G.L.c. 214, §1, wherein the Superior Court is given exclusive original jurisdiction “of all actions in which injunctive relief is sought in any matter involving or growing out of a labor dispute ...” (emphasis added) precludes this matter being heard in the District Court. Because Rogers did not seek injunctive relief in his complaint, this argument is irrelevant.

 St. 1993, c. 110, §§182 and 390.

 This appeal seems to have been taken under Mass. RA.R, Rule 8B, wherein the Agreed Statement of the Case "... shall constitute the record on appeal.” Id., §(a). Because there is no reproduction of the Personnel By-law in the Agreed Statement, it is not part of the record. However, because both parties have quoted the relevant portions of the By-law in their briefs, we shall consider it in our discussion.