Henry, Bruce R., J.

INTRODUCTION

This civil action for damages arises from a motor vehicle accident. The plaintiff, Steven Tatro (‘Tatro”) was one of the drivers involved in the accident and he filed a complaint against the defendants, Jeneva Taylor (“Taylor”) and Kevin Thomas (“Thomas”), who were the owner and operator, respectively, of the other vehicle involved in the accident. Tatro filed suit for damages alleging negligence against Thomas as the operator and against Taylor as the owner. The defendants have filed a joint Motion for Summary Judgment on the grounds that the instant claims have already been addressed in court and may not be revisited under the doctrine of res judicata. Tatro has filed an Opposition to the defendants’ Motion. A non-evidentiaiy hearing was held on the Motion on May 19,2006. For the following reasons, the defendants’ Motion for Summary Judgment is DENIED.

BACKGROUND

The following facts are those which are material to the disposition of this motion, taken in the light most favorable to the plaintiff.[1] On April 2, 2002, Tatro was driving on Interstate 290 eastbound in the City and County of Worcester, Massachusetts. The vehicle Tatro was operating belonged to his employer, Worcester County Refrigeration, Inc. (“WCRI”), and Tatro was operating the vehicle in the course and scope of his employment. While driving, Tatro was struck by a vehicle driven by Thomas and owned by Taylor. Tatro sustained injuries as a result of the accident and the vehicle Tatro was driving was damaged.
Subsequent to the accident, WCRI filed a complaint in the Worcester District Court alleging property damage incurred to its van caused by the negligence of Thomas as operator of the vehicle which inflicted the damage. The complaint also contained a charge of negligence against Taylor on the ground that “[a]t the time of the accident in question, Ms. Taylor’s vehicle was being operated [by] and under the control of Mr. Thomas, a person for whose conduct Ms. Taylor is responsible.” That case proceeded to trial before a juiy of six on June 2, 2003. Tatro was not a party to the action but did testify on behalf of his employer, WCRI. Thomas also testified, although Taylor did not, and both Thomas and Tatro were subject to cross-examination. At the close of the trial, the jury found no negligence against Thomas. Judgments were accordingly entered for Thomas and Taylor on June 13,2003.
Tatro filed the instant case in Worcester Superior Court on March 30, 2005. In his amended complaint, Tatro claims that Thomas is responsible for Tatro’s damages and injuries resulting from the accident because of Thomas’s negligence. Tatro’s amended complaint additionally charges that Taylor is also liable for Tatro’s injuries on the basis that she “negligently and carelessly allowed the defendant, Kevin Thomas],] to operate [her] motor vehicle].]”

DISCUSSION

Standard of Review Summary Judgment

Summary judgment is appropriately awarded when there are no disputed issues of material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm'r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). The Court is required to view the evidence in a light most favorable to the non-moving party. Foley v. Matulewitz, 17 Mass.App.Ct. 1004, 1005 (1984).

*350
Res Judicata

The doctrine of res judicata prevents relitigation of issues that were or could have been resolved in an earlier litigation. See Angel v. Bullington, 330 U.S. 183, 193 (1947); Blanchette v. Sch. Comm. of Westwood, 427 Mass. 176, 179 n.3 (1998). “The purpose of the doctrine is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments.” Martin v. Ring, 401 Mass. 59, 61 (1987). The term “res judicata” includes both claim preclusion and issue preclusion. See Heacock v. Heacock, 401 Mass. 21, 23 n.2 (1988). “Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.” O’Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998), quoting Blanchette, 427 Mass. at 179, n.3. A party invoking claim preclusion must prove three elements: “(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.” DaLuz v. Dep’t of Corr., 434 Mass. 40, 45 (2001), quoting Franklin v. N. Weymouth Coop. Bank, 283 Mass. 275, 280 (1933).
Issue preclusion “prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies.” Heacock, 401 Mass. at 23 n.2.
Before precluding a party from relitigating an issue, “a court must determine that (1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication.”
Kobrin v. Bd. of Registration in Medicine, 444 Mass. 837, 843 (2005), quoting Tuper v. N. Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998), and cases cited. Issue preclusion can only be used to prevent religitation of issues that were actually litigated in the prior action. Id. at 844, citing Fidelity Mgt & Research Co. v. Ostrander, 40 Mass.App.Ct. 195, 199 (1996).

Res Judicata Among the Instant Parties

Because the defendants have invoked the res judicata doctrine, it is their burden to prove the three elements necessary for either claim or issue preclusion to apply: that there has been a prior and final judgment on the merits; that the issue or claim in the prior action is identical to the issue or claim in the instant action; and that Tatro was in privity with a parly in the prior action. See DaLuz, 430 Mass. at 40; Kobrin, 444 Mass. at 843.
In the instant case, the first two elements are easily satisfied. There was a juiy verdict entered in the prior litigation after a trial, which unquestionably constitutes a final judgment on the merits. The issues and claims which Tatro currently invokes against the defendants are Thomas’s negligence in driving, and Taylor’s related vicarious negligence.[2] In the previous action, the same claims were made and issues presented: WCRI alleged that Thomas had driven negligently, and that Taylor was vicariously liable. As both defendants were parties to the first action and Tatro was not, the sole remaining issue, then, is whether he is in privity with WCRI.
While it is true that “it creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts!,]" Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86, 100 (1999), quoting Sturbridge v. Franklin, 160 Mass. 149, 151 (1893), this is not a case of two otherwise unrelated parties merely seeking to prove the same set of facts. Rather, there is an established legal relationship between Tatro and WCRI as employer and employee, with the attendant vicarious liability attached. See Restatement (Second) of Judgments §51 (1982). (“The doctrine [of res judicata] does not require identity of the parties concerned; instead, the parties need only be in privity or in a relationship, such as that between agent and principal and employer and employee, in which one party is vicariously liable for the acts of the other.”)
While all of the foregoing points to the existence of a relationship sufficient to establish privity, I am mindful of Pesce v. Breeder, 302 Mass. 211, 212 (1939), in which, under similar facts, the Supreme Judicial Court stated:
It is elementary and fundamental that every individual is entitled to his own day in court in which to assert his own rights or to defend against their infringement. The present plaintiff was not a party to the former action. He is not in privity with any party in the sense that his rights are derived from one who was a party. His cause of action is and always has been his own. It is in no way derived from his employer, who was a party. The relation of employer and employee, in and of itself, does not confer upon the employer any power to represent or to bind the employee in litigation. That the plaintiff testified as a witness in the former action is immaterial. He had no control over the conduct of the trial. He could not cross-examine opposing witnesses. The essential elements of an estoppel by judgment are lacking.
Given that language, I am constrained to deny the defendants’ motion for summary judgment.

ORDER

For the foregoing reasons, the defendants’ Motion for Summary Judgment is DENIED.

Many of the facts which follow were alleged by the defendants in their Motion and have not been disputed by Tatro.

It is immaterial that the language of Tatro’s complaint against Taylor reads slightly differently than WCRI’s complaint and seems to charge Taylor with negligent entrustment rather than agency liability because Tatro’s claim of negligent entrustment still rests on an assertion that Thomas’s conduct was negligent. See Mitchell v. Hastings & Koch Enterprises, Inc., 38 Mass.App.Ct. 271, 277, rev. denied, 420 Mass. 1102 (1995) (“an owner who permits operation of his car . . . may himself be found responsible, on a negligent entrustment basis, for the negligent operation of the . . . driver”). Furthermore, “negligent entrustment, is just another way of claiming vicarious or imputed liability.” Thompson v. Auto Credit Rehabilitation, 56 Mass.App.Ct. 1, 8, rev. denied, 438 Mass. 1104 (2002).