NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1005

LUIS GROS

vs.

ADH COLLISION OF BOSTON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Luis Gros appeals from a judgment of dismissal of his complaint filed against the defendants, ADH Collision of Boston (ADH) and Liberty Mutual Insurance Company (Liberty Mutual). We affirm.

In August 2016, Gros's car was struck and damaged while legally parked. His car was repaired by ADH and insured by Liberty Mutual. Gros first filed a complaint in 2018 stemming from this accident. That complaint was dismissed on October 30, 2019, after a judge entered summary judgment for Liberty Mutual;

---

[1] Liberty Mutual Insurance Company.

Gros's appeal of that judgment was not perfected.[2]  He then filed the complaint at issue here because "the United States Federal District Court Clerk's Office told him to."  Unquestionably, this complaint is based on the same facts and circumstances previously litigated in 2018.  Accordingly, the judge properly dismissed this complaint against Liberty Mutual on res judicata grounds.

Res judicata includes both claim preclusion and issue preclusion.  See Kobrin v. Board of Registration in Med., 444 Mass. 837, 843-844 (2005).  "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."  O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998), quoting Blanchette v. School Comm. of Westwood, 427 Mass. 176, 179 n.3 (1998).  Similarly, issue preclusion "prevents relitigation of an issue determined in an earlier action where the same issue arises in a later action, based on a different claim, between the same parties or their privies."  Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988).

---

[2] See Gros vs. Liberty Mut. Ins. Co., S.J.C., No. SJ-2022-0005; Gros vs. Liberty Mut. Ins. Co., Mass. App. Ct., No. 21-J-448.

The judge also properly dismissed the complaint against both defendants on a statute of limitations basis. Gros's complaint centered on the repairs performed on his car in 2016; the complaint was filed on August 24, 2022. Although difficult to decipher, Gros styles his complaint as "motor vehicle negligence-property damage" and "repair & services." Whether Gros's claims sound in tort, motor vehicle damage, or consumer protection, they are time barred. General Laws chapter 260, § 2A, provides a three-year statute of limitations for the repair or replacement of damaged property and for claims sounding in tort. Consumer protection claims have a four-year statute of limitations. See G. L. c. 260, § 5A. Gros's complaint was untimely.

Judgment affirmed.

By the Court (Meade, Blake & Brennan, JJ.[3]),

Paul Little

Clerk

Entered: July 29, 2024.

---

[3] The panelists are listed in order of seniority.

3