NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-282

S.M.

vs.

R.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, R.M., appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3. The plaintiff, S.M., is the defendant's wife, and the two are amid divorce proceedings and a custody battle over their minor child. The plaintiff originally sought an abuse prevention order against the defendant in the Probate and Family Court on January 10, 2022, but her request was denied. On September 21, 2022, after new allegations emerged, a District Court judge issued an abuse prevention order against the defendant ex parte. After a hearing on October 4, 2022, the order was extended for one year. The judge subsequently denied the defendant's motion for reconsideration and to vacate the order.

On appeal, the defendant claims that the judge erred or abused his discretion in extending the abuse prevention order because: (1) principles of res judicata barred the judge from considering the plaintiff's affidavit filed in support of the January 2022 request for an abuse prevention order; (2) the plaintiff failed to prove by a preponderance of the evidence that she was reasonably in fear of imminent, serious physical harm; and (3) the defendant was denied a meaningful opportunity to be heard. We affirm.

Discussion. A decision to extend an abuse prevention order is reviewed "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotation and citation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). As we review the judge's decision allowing the plaintiff's request for an extension of her protective order, "we will not substitute our judgment for that of the trier of fact. We do, however, scrutinize without deference the propriety of the legal

criteria employed by the trial judge and the manner in which those criteria were applied to the facts" (quotation and citation omitted).  Iamele v. Asselin, 444 Mass. 734, 741 (2005).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' . . . the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).

The defendant first claims that the judge erred in relying on the allegations of abuse contained in the plaintiff's January 2022 affidavit because a Probate and Family Court judge previously denied the request for an abuse prevention order based on that affidavit, and principles of res judicata prevent the plaintiff from relitigating those claims of abuse.  We disagree.

"The term 'res judicata' includes both claim preclusion, also known as true res judicata, and issue preclusion, traditionally known as collateral estoppel."  Mancuso v. Kinchla, 60 Mass. App. Ct. 558, 564 (2004).  "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action."  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005),

3

quoting O'Neill v. City Manager of Cambridge, 428 Mass. 257, 259 (1998). "The invocation of claim preclusion requires three elements: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" Kobrin, supra, quoting DaLuz v. Department of Correction, 434 Mass. 40, 45 (2001). On the other hand, collateral estoppel "provides that '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" McLaughlin v. Lowell, 84 Mass. App. Ct. 45, 56 (2013), quoting Alba v. Raytheon Co., 441 Mass. 836, 841 (2004). "To consider the applicability of issue preclusion, 'we look to the record to see what was actually litigated' in the prior proceedings." G.B. v. C.A., 94 Mass. App. Ct. 389, 397 (2018), quoting Kobrin, supra at 844.

Here, the defendant's assertions of both claim and issue preclusion fail for lack of a full record demonstrating that the Probate and Family Court issued a final judgment. The defendant, as the appellant, had the burden of providing us with a complete record, see Mass. R. A. P. 18 (a), as appearing in

4

481 Mass. 1637 (2019), and he has failed to do so here.[1]  The transcript for the extension hearing reflects confusion amongst the parties themselves as to what happened in the Probate and Family Court.  From the limited information available, the District Court clerk was able to gather that the plaintiff filed an affidavit and complaint for protection from abuse on January 10, 2022; the order was not issued at the ex parte hearing; the parties were directed to appear for a scheduled hearing, which did not occur; and the docket reflects that the complaint was simply "denied."  Thus, on the record before us, we cannot determine that a final judgment entered.  Moreover, we are unable to ascertain what was actually litigated in the Probate and Family Court, or the basis of the judge's denial of the request for an abuse prevention order.  See G.B., 94 Mass. App. Ct. at 397 n.13 (unable to determine reasons judges declined to issue requested stay away orders without hearing transcripts).  Accordingly, res judicata does not apply here.

The defendant next claims that the plaintiff failed to meet her burden of establishing sufficient evidence warranting extension of the order.  He submits that because the judge found the evidence related to the allegations contained in the

_____

[1] The only document concerning the Probate and Family Court matter that is contained in the record before us is the plaintiff's typed affidavit.

5

September 2022 affidavit insufficient, standing alone, to justify the order; the judge impermissibly relied on evidence of past abuse; and the plaintiff was impeached numerous times during her testimony, the judge abused his discretion or otherwise erred in extending the order.

"Our cases are clear that '[i]n evaluating whether a plaintiff has met her burden, a judge must consider the totality of the circumstances of the parties' relationship.'" G.B., 94 Mass. App. Ct. 389, 393 (2018), quoting Iamele, supra at 740. "Indeed, in evaluating whether an initial 209A order or its extension should issue, the judge must 'examine the words and conduct in the context of the entire history of the parties' hostile relationship'" (quotation omitted). G.B., supra at 393-394, quoting Vittone v. Clairmont, 64 Mass. App. Ct. 479, 487 (2005). "Although a person seeking an abuse prevention order (and extension) based on 'fear of imminent serious physical harm' must always show that he or she is currently in fear of imminent serious physical harm, and that such fear is reasonable," the same is not required of a person seeking an order, or an extension of such an order, "based on having already been subject to physical harm." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). "In that circumstance, the 'abuse' is the physical harm caused, and a judge may reasonably

6

conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Id., citing Vittone, supra at 489 (some wounds so traumatic that passage of time alone does not mitigate victim's fear of perpetrator).

Contrary to the defendant's claim, the judge did not solely rely on the January 2022 affidavit, but instead considered the totality of the circumstances, as he was required to do. The judge explicitly credited the plaintiff's testimony of past physical abuse and ongoing hostility in connection with child custody and divorce proceedings, and the September 2022 affidavit, in addition to the plaintiff's testimony, described that ongoing hostility.[2] We see no reason to disturb the judge's credibility determinations, even considering impeachment testimony. See Ginsberg, 67 Mass. App. Ct. at 140 n.3. Therefore, the judge could have found that the plaintiff met her burden of establishing that extension of the order was necessary

---

[2] For this reason, the defendant's claim that the judge misapplied Iamele, 444 Mass. at 739-740, is without merit. In addition, in his denial of the defendant's motion to reconsider, the judge held that he was "satisfied that the plaintiff's description of past physical abuse, coupled with the ongoing hostility in connection with child custody and divorce proceedings warranted extension of the order."

to protect her from the impact of family violence. See Callahan, 85 Mass. App. Ct. at 375.

Finally, the defendant claims that he did not have a meaningful opportunity to oppose the allegations contained in the January 2022 affidavit because he was only granted fourteen minutes to review it, relying on Idris I. v. Hazel H., 100 Mass. App. Ct. 784 (2022). However, the defendant's reliance is misplaced. In Idris I., the judge had before her evidence, which the defendant did not have and had not seen, and the defendant only became aware of such evidence once the plaintiff referred to certain exhibits in response to a question posed by the judge. Id. at 789. Without responding to the defendant's objections, the judge allowed the plaintiff's attorney to continue his direct examination of the plaintiff. Id. This court concluded that the judge improperly considered evidence that the defendant had not seen at all, and thus was completely unable to challenge. Id. at 789-790. Here, by contrast, the defendant was granted time to review the affidavit prior to the

beginning of the plaintiff's testimony, which sufficiently provided him a meaningful opportunity to challenge the evidence.

Order extending G. L. c. 209A
    order affirmed.

Order denying motion for
    reconsideration and to
    vacate G. L. c. 209A order
    affirmed.

By the Court (Meade,
    Hershfang & Toone, JJ.[3]),

Paul Little

Clerk

Entered: October 11, 2024.

---

[3] The panelists are listed in order of seniority.